The State of Ohio, Appellee, *v.* Berry, Appellant.

[Cite as State v. Berry, 8 Ohio App. 2d 72.]

(No. 172—Decided September 19, 1966.)

Messrs. *Hapner & Hapner*, for appellee.
Messrs. *Wilson, Wilson & Wilson*, for appellant.

GRAY, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Highland County.

On July 15, 1965, a motion was filed on behalf of plaintiff to revive two liens which were filed for record in Certificate of Judgment Docket No. 1 at page 187 on August 19, 1958, in the Clerk of Court's office of Highland County, by virtue of Section 5739.13, Revised Code.

A conditional order of revivor of the liens was issued on July 15, 1965, and on January 21, 1966, a final order of revivor was entered by the Common Pleas Court of Highland County.

It appears from the record that these two liens represented claims on behalf of the state of Ohio for sales tax assessments due it from defendant. Defendant filed a petition for reassessment of sales tax but did not appear at the scheduled hearing on this petition. Neither did he appeal from the finding of the Tax Commissioner, which was adverse to him.

The defendant, feeling aggrieved by the action of the court in reviving the liens, filed his notice of appeal.

The questions presented, according to counsels' brief, are, first, whether tax assessments when entered upon the Certificate of Judgment Docket by the Clerk of Courts become judgments or whether they remain assessments with the characteristics of judgments; and, second, whether a judgment may be revived in a court other than the court which rendered it.

No doubt counsel and the trial court proceeded upon the assumption that the action taken was required under Section 5739.13, Revised Code, which states in part that "all laws applicable to sales on execution shall be applicable to sales made under such judgment except as provided in Sections 5739.01 to 5739.31, inclusive, of the Revised Code."

The Legislature said that only the laws pertaining to *sales* on execution shall apply and did not say that *all* laws pertaining to executions shall apply.

The first sentence of paragraph 12 of Section 5739.13 states in part: "* * * shall have the same effect as other judgments."

The Legislature said that a judgment so filed shall have the same effect as other judgments, but the Legislature did not say that it shall have the same infirmities and limitations as other judgments. Further, the Legislature did not say that

the judgment was affected by dormancy or subject to the statute of limitations.

Section 5739.13, in the fourth paragraph, as it was in effect in 1958, says in part, that "an assessment issued against the vendor shall not be considered an election of remedies."

In considering all the foregoing, we conceive the question before this court to be: Does an assessment for sales taxes under Chapter 5739 of the Revised Code, which assessment is perfected as a lien, become dormant with the passage of time, or, stated in another way, does the statute of limitations run against a lien which the state has perfected by virtue of Chapter 5739 of the Revised Code against one of its citizens, unless the statute providing for such lien specifically provides that the statute of limitations shall apply?

It has been uniformly held by the Supreme Court that the state of Ohio is immune from the operation of the statute of limitations, and the ancient maxim of the law *nullum tempus occurrit regi* (no time runs against the sovereign) still prevails in Ohio. *State, ex rel. Board of Education,* v. *Gibson,* 130 Ohio St. 318. This immunity from suit is an attribute of sovereignty and can only be waived by express provision to that effect within the statute. *State, ex rel. Board of Education,* v. *Gibson,* 130 Ohio St. 318. See, also, *State, ex rel. McElroy, Atty. Genl.,* v. *Trumbull Savings & Loan Co.,* 176 Ohio St. 85; *Hartman* v. *Hunter, Treas.,* 56 Ohio St. 175; and *State, ex rel. Parrott,* v. *Bd. of Public Works,* 36 Ohio St. 409. We find no express waiver of such immunity in Chapter 5739 of the Revised Code. It is to be presumed that the Legislature passed this chapter of the Code with these Supreme Court decisions in mind.

In *Wasteney* v. *Schott, Treas.,* 58 Ohio St. 410, 414, the Hamilton County Treasurer brought a suit to collect delinquent personal property taxes, which taxes were for the benefit of the state of Ohio. The court made the following observation:

"* * * These remedies by suit are declared to be, in both classes of cases, in addition to all other remedies for the collection of taxes, and were evidently created because it was expected they would prove more effectual in the enforcement of their collection; and, it is but a natural and reasonable presumption that the additional remedies were designed to be, not less comprehensive than those in the aid of which they were adopted,

and like them unaffected by the lapse of time. *The obligation of the citizen to pay his taxes is regarded as a continuing public duty which is discharged only by their payment.* (Emphasis added.)

The court was there speaking of a government-taxpayer situation. In the present situation we must go a step farther. Defendant either had collected the sales tax or was obligated to collect it under the law. He was a fiduciary for the amount he had collected, which impresses a higher duty on him than that of debtor in a creditor-debtor relationship. It ill becomes him now to say that the statute of limitations has run against the state's claim for money which he has received in trust.

We hold that the assessment represented a tax due the sovereign state of Ohio, against which the statutes pertaining to dormancy of judgments and of limitations of actions do not apply.

Paragraph 12 of Section 5739.13, Revised Code, provides one nonexclusive means of collection of the amount due the state of Ohio.

The liens shown by the Certificate of Judgment Docket No. 1 at page 187 against defendant in the office of the Clerk of Courts of Highland County are hereby declared to be in full force and effect, and, in fact, they never have been dormant.

This cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

BROWN, P. J., and CARLISLE, J., concur.