THE STATE OF OHIO, APPELLEE, *v.* CRAGO, APPELLANT.

[Cite as State *v.* Crago (1990), 53 Ohio St. 3d 243.]

(No. 88-2000—Submitted December 13, 1989 and July 31, 1990—
Decided September 12, 1990.)

*Michael Miller,* prosecuting attorney, and *Alan C. Travis,* for appellee.

*Bodiker & Holland, David H. Bodiker* and *Allen V. Adair,* for appellant.

DOUGLAS, J. In this appeal, appellant challenges the efforts of the state of Ohio to retry him on the remaining and undecided count of aggravated murder arising from the aggravated robbery. Appellant contends that retrial is prohibited for two reasons, both of which involve the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1]

Following briefing and oral argument in this court regarding appellant's challenge to retrial, we requested that the parties to this appeal brief the following issue for our consideration:

"[W]hether *denial* of a motion to dismiss a charge on the basis of double jeopardy is a final appealable order in accordance with the criteria set forth in R.C. 2505.02." (Emphasis *sic.*) *State v. Crago* (1990), 48 Ohio St. 3d 708, 550 N.E. 2d 480.

Upon consideration of this question, we find that the overruling of a motion to dismiss on the ground of double jeopardy is *not* a final appealable order.

R.C. 2505.03(A) states, in relevant part, that: "[e]very *final order* * * * may be reviewed on appeal * * *." (Emphasis added.)

R.C. 2505.02[2] defines what types of orders are "final." The denial of a motion to dismiss a charge on the basis of double jeopardy does not meet, for purposes of being a final order, any one of the three prongs of R.C. 2505.02 as set forth therein. Therefore, the denial of a motion to dismiss on the basis of double jeopardy is not a final order which may immediately be reviewed upon appeal.

R.C. 2953.02 provides that, in a criminal case, the court of appeals may review a "judgment or final order." However, the denial of a motion to dismiss on the basis of double jeopardy is not a "final order" within the mean-

---

[1] In *Ashe* v. *Swenson* (1970), 397 U.S. 436, 445, the United States Supreme Court held that the doctrine of collateral estoppel was part of the Fifth Amendment's guarantee against double jeopardy.

[2] R.C. 2505.02 provides, in part, as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

ing of R.C. 2953.02 as the definition of "final order" contained in R.C. 2505.02 is applicable to criminal proceedings. See, *e.g., State* v. *Collins* (1970), 24 Ohio St. 2d 107, 108, 53 O.O. 2d 302, 302-303, 265 N.E. 2d 261, 262.

Accordingly, we find that appellant's claims of double jeopardy were never properly before the court of appeals and, consequently, we vacate the judgment of the appellate court. In doing so, we recognize that the court of appeals was bound by our prior decision in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897, paragraph one of the syllabus, wherein it is stated that:

"The overruling of a motion to dismiss on the ground of double jeopardy *is* a final appealable order under R.C. 2953.02 and 2505.02 (*Owens* v. *Campbell* [(1971),] 27 Ohio St. 2d 264, [56 O.O. 2d 158, 272 N.E. 2d 116], overruled)." (Emphasis added.)

We find, however, that paragraph one of the syllabus in *Thomas* is incorrect and it is, therefore, overruled.

Given the procedural disposition of this case, it is not now necessary for this court to rule on appellant's claim that his retrial is prohibited.

*Judgment vacated
and cause remanded.*

MOYER, C.J., WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I would follow this court's prior determination in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897.

SWEENEY, J., concurs in the foregoing dissenting opinion.