OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
    Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

Wenzel, Appellant, v. Enright, Clerk, et al., Appellees.
[Cite as Wenzel v. Enright (1993),     Ohio St.3d    .]
Criminal procedure -- Decision of trial court denying
    motion to dismiss on ground of double jeopardy is not
    a final appealable order -- Proper remedy for seeking
    judicial review is a direct appeal to court of
    appeals at conclusion of trial court proceedings.
                           ---
1.   The decision of a trial court denying a motion to
     dismiss on the ground of double jeopardy is not a
     final appealable order, and is not subject to
     judicial review through an action in habeas corpus or
     prohibition, or any other action or proceeding
     invoking the original jurisdiction of an appellate
     court.
2.   In Ohio, the proper remedy for seeking judicial
     review of the denial of a motion to dismiss on the
     ground of double jeopardy is a direct appeal to the
     court of appeals at the conclusion of the trial court
     proceedings.
                           ---
    (No. 92-2115 -- Submitted October 12, 1993 -- Decided
December 22, 1993.)
    Appeal from the Court of Appeals for Franklin County,
No. 92AP-737.
    In September 1988, Mark Scott Wenzel, appellant, was
indicted in Fairfield County for theft of drugs in
violation of former R.C. 2925.21, and for aggravated
trafficking in violation of R.C. 2925.03.  The conduct
giving rise to the charges was alleged to have occurred on
or about August 18, 1988.  As a result of plea
negotiations, appellant pled guilty to the charge of
aggravated trafficking.  The charge of theft of drugs was
dismissed.  The trial court sentenced appellant for the
offense of aggravated trafficking.  Thereafter, appellant
was granted a motion for shock probation, and was released

from custody.

In November 1988, appellant was indicted in Franklin County for theft of drugs, aggravated trafficking and possession of a dangerous drug. The conduct giving rise to these charges was alleged to have occurred on or about August 20, 1988. Prior to trial, appellant filed, in the Court of Common Pleas of Franklin County, a motion to dismiss the indictment, claiming that the charges against him were related to those which he had previously faced in Fairfield County. Therefore, appellant urged that a trial on the Franklin County charges would constitute double jeopardy. Appellant's motion was denied.

Appellant appealed the denial of his motion to dismiss to the Court of Appeals for Franklin County. The court of appeals, relying on the case of State v. Crago (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, dismissed the appeal for lack of a final appealable order. Appellant then appealed to this court. On May 29, 1991, we overruled appellant's motion for jurisdiction. See State v. Wenzel (1991), 60 Ohio St.3d 713, 573 N.E.2d 673.

Appellant's trial in Franklin County was set to commence on June 8, 1992. However, on June 5, 1992, appellant filed, in the Court of Appeals for Franklin County, a petition for a writ of habeas corpus, again seeking pre-trial appellate review of his claims of double jeopardy. In his petition, appellant alleged that he was scheduled to be tried on the charges set forth in the Franklin County indictment, that he had been required to post a bond to secure his release in Franklin County, and that a trial on the Franklin County charges would constitute double jeopardy. The court of appeals dismissed appellant's petition for failure to state a claim, finding that habeas corpus was not a proper remedy to challenge the denial of a motion to dismiss on the basis of double jeopardy.

The cause is now before us on an appeal as of right.

Tyack & Blackmore Co., L.P.A., and Thomas M. Tyack, for appellant.

Michael Miller, Franklin County Prosecuting Attorney, and James V. Canepa, Assistant Prosecuting Attorney, for appellees.

Douglas, J.    Appellant suggests that habeas corpus is a proper remedy for an accused seeking pretrial appellate review of a trial court's decision denying a motion to dismiss on the ground of double jeopardy. We disagree. For the reasons that follow, we affirm the judgment of the court of appeals dismissing appellant's petition for a writ of habeas corpus.

In Owens v. Campbell (1971), 27 Ohio St.2d 264, 56 O.O.2d 158, 272 N.E.2d 116, this court held, in the syllabus, that:

"The extraordinary original jurisdiction granted to an Ohio appellate court may be invoked to adjudicate the right of an accused to the benefit of the doctrine of collateral estoppel, made applicable to the state as being

within the federal constitutional right against double jeopardy by Ashe v. Swenson [1970], 397 U.S. 436 [25 L.Ed.2d 469, 90 S.Ct. 1189]."

Owens was subsequently overruled in State v. Thomas (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph one of the syllabus. This court, in Thomas, noted that the Owens decision did not specify which of the five extraordinary writs provided the proper vehicle by which an accused could obtain pretrial appellate review of a claim of former jeopardy. Id., 61 Ohio St.2d at 256, 15 O.O.3d at 263, 400 N.E.2d at 900. The court in Thomas observed that the Owens decision "carefully avoided" designating habeas corpus as the proper remedy, and that prohibition clearly did not lie to address such claims. Id., 61 Ohio St.2d at 256-257, 15 O.O.3d at 263-264, 400 N.E.2d at 900-901. Nevertheless, the court in Thomas provided a mechanism for immediate appellate review of the denial of a motion to dismiss on the basis of double jeopardy, holding, in paragraph one of the syllabus:

"The overruling of a motion to dismiss on the ground of double jeopardy is a final appealable order under R.C. 2953.02 and 2505.02 (Owens v. Campbell [1971], 27 Ohio St.2d 264 [56 O.O.2d 158, 272 N.E.2d 116], overruled)."

In Crago, supra, 53 Ohio St.3d 243, 559 N.E.2d 1353, we had occasion to revisit the holding in Thomas that the denial of a motion to dismiss on the ground of double jeopardy constitutes a final appealable order. In Crago, syllabus, we held that:

"The overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order. (R.C. 2505.02, construed and applied; State v. Thomas [1980], 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph one of the syllabus, overruled.)" (Emphasis added.)

In Crago, we overruled only the first paragraph of the syllabus in Thomas, without disturbing the clear implication in Thomas that none of the extraordinary writs appeared to provide an appropriate method for challenging the denial of a motion to dismiss on the ground of double jeopardy.

It is clear from a review of the foregoing authorities that a trial court's decision denying a motion to dismiss on the ground of double jeopardy is not a final appealable order subject to immediate appellate review. Crago, supra, syllabus. Furthermore, the decision in Thomas overruling Owens clearly indicates that the extraordinary original jurisdiction of an appellate court may not be invoked to secure pre-trial appellate review of claims of double jeopardy. We reject any notion that our holding in Crago (overruling paragraph one of the syllabus in Thomas) revived the holding in Owens that the extraordinary original jurisdiction of appellate courts may be invoked by the accused prior to trial to adjudicate claims of double jeopardy.

Today, we specifically decline appellant's invitation to return to the state of the law as it existed under Owens. In our judgment, none of the five extraordinary writs, including habeas corpus, constitutes a proper

avenue for an accused to test a trial court's ruling on the issue of double jeopardy.  We reach this conclusion for two reasons.  First, there exists an adequate remedy in the ordinary course of law to challenge an adverse ruling on the issue, to wit:  an appeal to the court of appeals at the conclusion of the trial court proceedings.  Second, none of the five extraordinary writs seems applicable in a situation where an accused seeks to avoid trial based upon claims of double jeopardy.

To avoid any further confusion on this issue, we now hold that the decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order, and is not subject to judicial review through an action in habeas corpus or prohibition, or any other action or proceeding invoking the original jurisdiction of an appellate court.  We further hold that, in Ohio, the proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings.1

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Resnick and F.E. Sweeney, JJ., concur.
A.W. Sweeney, Wright and Pfeifer, JJ., dissent.

FOOTNOTE:
1    We are aware of the United States Supreme Court's decision in Abney v. United States (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651, which held that the denial of a motion to dismiss on double jeopardy grounds is a "final decision" within the meaning of Section 1291, Title 28, U.S. Code, and is subject to immediate appellate review.  Id. at 656-662, 97 S.Ct. at 2038-2042, 52 L.Ed. 2d at 657-662.  In Crago, supra, syllabus, we resolved the issue differently under our state law defining final orders.  Abney does not mandate, as a matter of federal constitutional law, that a state provide a mechanism for an interlocutory appeal from the denial of a motion to dismiss on grounds of double jeopardy.

A. William Sweeney, J., dissenting.    While I concur in the well-reasoned and constitutionally sound analysis contained in the dissenting opinion of Justice Wright, I write separately to underscore my continued adherence to the rule of law announced in State v. Thomas (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, and reiterated in the dissenting opinion to State v. Crago (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353.  In those opinions, it was appropriately observed that the order of a trial court which denies a motion to dismiss on the basis of double jeopardy is a "final appealable order" subject to immediate review.

In Bell v. Mt. Sinai Hosp. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184, this court defined a final appealable order for purposes of R.C. 2505.02, as follows:

"An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.  See, generally,

Union Camp Corp. v. Whitman (1978), 54 Ohio St.2d 159, 162, 8 O.O.3d 155, 157, 375 N.E.2d 417, 419-420; State v. Collins (1970), 24 Ohio St.2d 107, 110, 53 O.O.2d 302, 303-304, 265 N.E.2d 261, 263; Morris v. Invest. Life Ins. Co. (1966), 6 Ohio St.2d 185, 189, 35 O.O.2d 304, 306, 217 N.E.2d 202, 206; In re Estate of Wyckoff, supra, 166 Ohio St. at 359, 2 O.O.2d at 260, 142 N.E.2d at 664."

I therefore believe that, as a matter of statutory law, an order which denies a motion to dismiss on the grounds of double jeopardy is a final appealable order because as a matter of constitutional law the protections against multiple prosecutions could not be vindicated on appeal following a second trial. Accordingly, the order denying the motion to dismiss would be "[a]n order *** which, *** if not immediately appealable, would foreclose appropriate relief in the future."

Unfortunately, the opportunity to address the statutory issue was presented when appellant instituted a direct appeal of the denial of the motion to this court on March 18, 1991. However, inasmuch as that opportunity was not seized and Crago continues to preclude such relief, I must reluctantly conclude that a writ of habeas corpus is an appropriate method of review. Extraordinary relief should be available because, under Crago, this court has foreclosed an adequate remedy by way of direct appeal. See State ex rel. Hastings Mut. Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152, 553 N.E.2d 646.

For the foregoing reasons, therefore, I must respectfully dissent from the judgment of the majority which affirms the denial of the writ of habeas corpus.

Wright, J., dissenting. I must dissent from the majority opinion because I believe that the result in paragraph two of the syllabus is unconstitutional. We are required to provide a pre-trial means for a defendant to obtain judicial review of the denial of a motion to dismiss on the ground of double jeopardy. A post-trial appeal is not constitutionally adequate because the protection against double jeopardy is not just protection against being punished twice for the same offense, it is also protection against being tried twice for the same offense.

The United States Supreme Court made this clear in Abney v. United States (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651. In Abney the court noted:

"*** [T]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." (Emphasis added in part.) Id. at 660-661, 97 S.Ct. at 2040-2041, 52 L.Ed.2d at 660-661.

Because of this dual protection guaranteed by the Double Jeopardy Clause, the court concluded that:

"Consequently, if a criminal defendant is to avoid

exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs."  (Emphasis added in part.)  Id. at 662, 97 S.Ct. at 2041, 52 L.Ed.2d at 662.

The Abney court went on to hold that, in a federal criminal prosecution, the denial of a motion to dismiss based on double jeopardy constitutes a "final decision" subject to immediate appellate review under Section 1291, Title 28, U.S. Code.  I agree with the majority that the holding in Abney that denial of such a motion is a final appealable order under federal statutory law does not mandate that we rule that the denial of such a motion is a final appealable order under Ohio statutory law.  (R.C. 2505.02.)  In State v. Crago (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, we held that denial of a motion to dismiss based on double jeopardy is not a final appealable order.  What Abney does mandate, however, is that, given our holding in Crago, we must provide some other pre-trial review mechanism of the denial of a motion to dismiss on the grounds of double jeopardy.  It is absolutely clear from Abney that a post-trial appeal, which is the sole review mechanism the majority provides, is constitutionally insufficient because it provides protection only from twice being punished for the same offense but does not provide protection from twice being tried for the same offense.  The Double Jeopardy Clause encompasses a "right not to be tried" which we are obligated to protect.  United States v. MacDonald (1978), 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18, 27.

In the present case, the appellant seeks pre-trial review of the denial of his motion to dismiss based on double jeopardy through an action in habeas corpus.  He chose this avenue after his initial appeal was dismissed based on Crago.  The majority rejects habeas corpus as a proper avenue for two reasons. First, the majority finds that a post-trial appeal is an adequate remedy in the ordinary course of law.  However, as discussed above, a post-trial review is constitutionally inadequate.  Second, the majority finds, without explanation, that "none of the five extraordinary writs seems applicable." I disagree.

R.C. 2725.01 provides:

"Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

It is not necessary that a person be in actual physical custody to be restrained of his liberty.  He is "restrained of his liberty" even when he is free on bail or on his own recognizance pending trial.  The terms of bail bonds, even recognizance bonds, limit the freedom to come and go as one pleases.  A person released on bail or recognizance is in the constructive custody of the state.

This conclusion is consistent with the United States Supreme Court's interpretation of the federal habeas corpus statutes in Justice of Boston Municipal Court v. Lydon (1984), 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311.  The court

reached this conclusion despite the fact that the federal statutes contain the more restrictive language "in custody," rather than the language in Ohio's statute which refers merely to "restraint" of liberty.2  The court noted: "Our cases make clear that 'the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody.'  Jones v. Cunningham, 371 U.S. 236, 239 [83 S.Ct. 373, 9 L.Ed.2d 285] (1963).  In Hensley v. Municipal Court, 411 U.S. 345 [93 S.Ct. 1571, 36 L.Ed.2d 294] (1973), we held that a petitioner enlarged on his own recognizance pending execution of sentence was in custody within the meaning of 28 U.S.C. {{2241(c)(3) and 2254(a)."  Justices of Boston Municipal Court, supra, at 300, 104 S.Ct. at 1813, 80 L.Ed.2d at 319.

In light of our constitutional duty to provide a pre-trial review mechanism of the denial of a motion to dismiss based on double jeopardy grounds and our holding in Crago, I conclude that habeas corpus proceedings are the appropriate mechanism for such a review.3

For the above resons, I would reverse the judgment of the court of appeals.

Pfeifer, J., concurs in the foregoing dissenting opinion.

FOOTNOTES:
2  Section 2241(c), Title 28, U.S. Code states in part:
"The writ of habeas corpus shall not extend to a prisoner unless *** (3) He is in custody in violation of the Constitution or laws or treaties of the United States ***."
Section 2254(a), Title 28, U.S. Code states that habeas corpus is available to persons "in custody pursuant to the judgment of a State court."
3  Other jurisdictions which permit double-jeopardy claims to be raised in habeas corpus proceedings include Colorado, Kansas and Texas.  See Krutka v. Spinuzzi (1963), 153 Colo. 115, 384 P.2d 928; Kamen v. Gray (1950), 169 Kan. 664, 220 P.2d 160, certiorari denied (1950), 340 U.S. 890, 71 S.Ct. 206, 95 L.Ed.2d 645; Ex parte Rathmell (Tex. Crim. App. 1986), 717 S.W.2d 33.