BORSICK, APPELLANT, *v.* THE STATE OF OHIO ET AL., APPELLEES.
[Cite as *Borsick v. State* (1995), 73 Ohio St.3d 258.]

(No. 95–275—Submitted June 21, 1995—Decided August 23, 1995.)

*David G. Borsick, pro se.*

*Kevin J. Baxter,* Erie County Prosecuting Attorney, and *Mary Ann Barylski,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* We affirm the judgment of the court of appeals. We have recognized that "in certain extraordinary circumstances when there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.,* appeal or postconviction relief." *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. Here, appellant's remedy is appeal. "[T]he proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings." *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 623 N.E.2d 69, paragraph two of the syllabus. Therefore, because there is an adequate remedy at law, habeas corpus does not lie for appellant's double-jeopardy claim. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.