[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 258.]

**BORSICK, APPELLANT, *v*. THE STATE OF OHIO ET AL., APPELLEES.**

**[Cite as *Borsick v. State*, 1995-Ohio-324.]**

*Criminal procedure—Habeas corpus does not lie for double-jeopardy claim when appeal after conviction provides an adequate remedy.*

(No. 95-275—Submitted June 21, 1995—Decided August 23, 1995.)

APPEAL from the Court of Appeals for Erie County, No. E-94-73.

_____

{¶ 1} Appellant, David C. Borsick, was convicted of aggravated drug trafficking and possession of a weapon under disability, each with firearm and prior-offense-of-violence specifications, and sentenced, but the court of appeals reversed his conviction and sentence for aggravated drug trafficking and attendant firearm specification because of an insufficient indictment. He was reindicted and jailed pending retrial, during which time he brought this action in habeas corpus, alleging that to retry him would violate his Fifth Amendment right not to be placed twice in jeopardy. The court of appeals held that habeas does not lie for double jeopardy claims because appeal after conviction is an adequate remedy, citing *Wenzel v. Enright* (1993), 68 Ohio St. 3d 63, 623 N.E.2d 69, paragraph two of the syllabus. This appeal followed.

_____

*David G. Borsick, pro se.*

*Kevin J. Baxter*, Erie County Prosecuting Attorney, and *Mary Ann Barylski*, Assistant Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

{¶ 2} We affirm the judgment of the court of appeals. We have recognized that "in certain extraordinary circumstances when there is an unlawful restraint of

a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.,* appeal or postconviction relief." *State ex. rel. Pirman v. Money* (1994), 69 Ohio St. 3d 591, 593, 635 N.E.2d 26, 29. Here, appellant's remedy is appeal. "[T]he proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings." *Wenzel v. Enright* (1993), 68 Ohio St. 3d 63, 623 N.E.2d 69, paragraph two of the syllabus. Therefore, because there is an adequate remedy at law, habeas corpus does not lie for appellant's double-jeopardy claim. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

———————————

.