THE STATE EX REL. DIX, APPELLANT, *v.* MCALLISTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107.]

(No. 97–1697—Submitted December 2, 1997—Decided February 18, 1998.)

*Richard Dix, Jr., pro se.*

**Per Curiam.** Dix asserts that the court of appeals erred by dismissing his complaint. The court of appeals, however, properly dismissed Dix's complaint for the following reasons.

First, as the court of appeals held, the misnumbering of the aggravated murder statute in Dix's indictment did not invalidate the indictment, as we held in *State v. Morales* (1987), 32 Ohio St.3d 252, 254, 513 N.E.2d 267, 270, fn. 4. See Crim.R. 7(B), which provides:

"Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. *Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.*" (Emphasis added.)

Second, Dix had an adequate remedy at law by direct appeal to raise his challenge to the validity or sufficiency of his indictment. *State ex rel. Yauger v. Seidner* (1996), 77 Ohio St.3d 69, 671 N.E.2d 29. A writ of mandamus will not issue if there is an adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.* (1997), 79 Ohio St.3d 216, 218, 680 N.E.2d 993, 995.

Third, Dix's double jeopardy claim is not cognizable in mandamus. See, *e.g., Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69, 72; *Borsick v. State* (1995), 73 Ohio St.3d 258, 652 N.E.2d 951.

Finally, Dix sought release from prison by invalidating his conviction and sentence through his mandamus action. But habeas corpus, rather than mandamus, is the appropriate remedy for persons claiming entitlement to immediate release from prison. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227.

Based on the foregoing, the court of appeals properly dismissed Dix's complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.