DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment overruling a motion filed by Demetrios Prokos, defendant below and appellant herein, to dismiss the criminal charge against him on grounds that continued prosecution thereof would violate his right(s) to be free from "double jeopardy."[1] On February 10, 2000, we ordered the parties to file memoranda addressing whether the denial of that motion constituted a final order such that this Court would have jurisdiction to entertain the appeal pursuant to Section 3 (B) (2), Article IV of the Ohio Constitution and R.C. 2501.02. The parties appropriately filed those memoranda and the matter is now properly before us for review.
Our analysis begins with the case of State v. Crago (1990),53 Ohio St.3d 243, 559 N.E.2d 1353, wherein the Ohio Supreme Court held that "[t]he overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order." Id. at the syllabus. In so holding, the Court reasoned that the denial of such motion did not meet "any one of the three prongs of R.C. 2505.02" so that it could be classified as a final order. Id. at 244, 559 N.E.2d at 1355.[2] The Supreme Court has consistently reiterated the same position in various cases sinceCrago, see e.g. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335,338, 686 N.E.2d 267, 269; Wenzel v. Enright (1993)68 Ohio St.3d 63, 623 N.E.2d 69, at paragraph one of the syllabus;State v. Broughton (1991), 62 Ohio St.3d 253, 262,581 N.E.2d 541, 549, at fn. 8, and that ruling has been relied on by numerous appellate courts as well. See e.g. State v. Leonhardt
(Sep. 25, 1996), Hamilton App. Nos. C-950193, C-950194, C-950258 C-950259, unreported; State v. Matteson (Dec. 6, 1993), Jackson App. No. 715, unreported; State v. Mitchell (Oct. 29, 1990), Delaware App. No. 90-CA-25, unreported.
However, in 1998 the Ohio General Assembly amended R.C.2505.02 and expanded the classifications of final appealable orders. See Sub.H.B. No. 394, 4 Baldwin's Ohio (1998) Legislative Service. The new version of the statute now provides, in pertinent part, as follows:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."[3] (Emphasis added.)
A "provisional remedy" is defined by the statute as a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." Id. at (A) (3). An "ancillary proceeding" is one that is auxiliary to the primary proceeding and is maintained as an aid thereto. See Black's Law Dictionary (7th Ed. 1999) 1448.
Appellant asserts in his memorandum in support of jurisdiction that a denial of a motion to dismiss on double jeopardy grounds should now be considered a final appealable order "subject to immediate review" under new Section (B) (4) of R.C. 2505.02. He essentially argues that Crago and its progeny were legislatively superseded by Sub.H.B. No. 394 and that such precedent is no longer binding on this Court.
Although appellant makes a compelling argument, and while we would agree that the Supreme Court may wish to revisit this issue in light of the new statutory amendments, we ultimately disagree with him and come to the conclusion that the overruling of his motion to dismiss does not constitute a final appealable order. First, the identical argument that appellant advances in the case sub judice was considered and rejected by our colleagues in the Seventh District Court of Appeals who reasoned that such orders did not fall under the "provisional remedy" section of R.C.2505.02 for the following reasons:
 "Appellant in this case would not be denied a meaningful or effective appeal on the issue of double jeopardy, along with any other trial issue which may develop, should he be required to wait until conviction and sentence before an appeal is taken. Moreover, appellant may still be acquitted at trial, rendering such issue moot. We find that a motion to dismiss on the grounds of double jeopardy is not a provisional remedy as defined by the revised statute.
 There is nothing in the statute itself, or in the legislative history to the revised statute, which leads this court to believe that it was the legislature's intent to depart from existing law and permit an immediate appeal from the overruling of a motion to dismiss on double jeopardy grounds." State v. Hubbard
(Nov. 8, 1999), Jefferson App. No. 99-JE-32, unreported.
We find this reasoning highly persuasive. The well settled law in Ohio has been that a judgment denying a motion to dismiss on grounds of double jeopardy is neither final nor appealable.Crago, supra, at the syllabus; Wenzel, supra, at paragraph one of the syllabus. The Ohio General Assembly was presumably aware of those decisions when it enacted Sub.H.B. No. 394. See State v.Glass (1971), 27 Ohio App.2d 214, 218, 273 N.E.2d 893, 896; Statev. Berry (1966), 8 Ohio App.2d 72, 74, 220 N.E.2d 671, 673. Had the legislature intended to supersede the extensive body of caselaw on this issue then, surely, more explicit language to that effect would have been used in the legislation.
Appellant also urges us to construe the statutory amendments to R.C. 2505.02 in light of the decision in Abney v.United States (1977), 431 U.S. 651, 659-661, 52 L.Ed.2d 651, 659-661,97 S.Ct. 2034, 2040-2041, wherein the United States Supreme Court held that adverse rulings on motions to dismiss for violation of double jeopardy are subject to immediate appellate review under Section 1291, Title 28, U.S. Code. He argues that it would be fundamentally unfair to force him to "run the gauntlet" of a second trial without first enjoying a "meaningful appellate review" of the claimed violation of his double jeopardy rights. Although appellant raises some valid points, we are not persuaded. Those same points have been considered and rejected by a majority of the Ohio Supreme Court. See Wenzel, supra at 66-67, fn. 1, 68-70 (Wright, J. Dissenting), 623 N.E.2d at 72 
73-74. Again, without some firm indication that the Ohio General Assembly intended to supersede the Ohio Supreme Court's pronouncements on this issue, we must adhere to and follow that Court's judgments.
Appellant also cites Walters v. The Enrichment Ctr. ofWishing Well, Inc. (1997), 78 Ohio St.3d 118, 123,676 N.E.2d 890, 894, at fn. 2, wherein a unanimous Ohio Supreme Court suggested modifying R.C. 2505.02 to bring it into conformity with its federal counterpart at Sections 1291-1292, Title 28, U.S. Code. Be that as it may, we find nothing in Sub.H.B. No. 394 to suggest that the Ohio General Assembly intended to implement a similar statutory scheme.
For these reasons, we find no reason to deviate from the well established law that a judgment denying a motion to dismiss on grounds of double jeopardy does not constitute a final appealable order. Thus, this Court is without jurisdiction to review the instant appeal and it must be dismissed. See Prod.Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1350 [621 N.E.2d 1360], 1362, at fn. 2; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Harsha, J., Abele, J.: Concur
For the Court
 ____________________________ Peter B. Abele, Judge.
[1] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. This protection is applicable to the states through theFourteenth Amendment Due Process Clause, see North Carolina v. Pearce (1969), 395 U.S. 711, 717, 23 L.Ed.2d 656, 664,89 S.Ct. 2072, 2076; Benton v. Maryland (1969), 395 U.S. 784, 794,23 L.Ed.2d 707, 716, 89 S.Ct. 2056, 2062, and similar protections are afforded by Section 10, Article I of the Ohio Constitution. See State v. Gustafson (1996), 76 Ohio St.3d 425, 432,668 N.E.2d 435, 441.
[2] The version of R.C. 2505.02 in effect at the time of the Crago decision defined final orders as those which either (1) affected a substantial right and determined the action or prevented a judgment, (2) affected a substantial right made in a special proceeding or upon a summary application after judgment or (3) vacated or set aside a judgment or granted a new trial.
[3] The "three prongs" of the previous version of R.C.2505.02, referred to by the Supreme Court in Crago, supra, are now re-codified at Sections (B) (1)-(3) of the new statute.