OPINION JOURNAL ENTRY
On October 23, 2001, pro-se Relator filed a complaint in mandamus seeking an order to compel Respondent to dismiss charges alleging a violation of R.C. 4511.21, speeding; R.C. 4507.02(A)(1), expired license; and R.C. 4511.191(A), refusal. He asserts defects in initiating the charges against him. On November 7, 2001, this Court entered an order granting Respondent 28 days to answer or otherwise plead. On November 29, 2001, Respondent, represented by an assistant prosecuting attorney, filed a response. In his response, Respondent notes that Relator had filed a motion to dismiss the charges asserting defects in the initiation of proceedings against him and that motion was overruled.
Respondent further asserts that mandamus cannot control judicial discretion and that Relator has a plain and adequate remedy in the ordinary course of law at the conclusion of the proceedings.
As defined by R.C. 2731.01:
 "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."
Generally, in order to be entitled to a writ of mandamus, a court must find that a relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act and that the relator has no plain and adequate remedy at law. Stateex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186. It has further been held that a writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. State ex rel.Jennings v. Nurre (1995), 72 Ohio St.3d 596 citing to State ex rel.Keenan v. Calabrese (1994), 69 Ohio St.3d 176.
The underlying complaint in the matter before us is an allegation that there are defects in initiating the charges against Relator. Relator is essentially seeking dismissal of the charges, which has already been denied by the trial court.
Respondent county court has jurisdiction as provided by statute. Under R.C. 1907.02(A):
 "(A) In addition to other jurisdiction granted a county court in the Revised Code, a county court has jurisdiction of all misdemeanor cases."
Unquestionably, Respondent has jurisdiction to hear the charges against Relator.
In accordance with the traffic rules, Relator filed a pretrial motion to dismiss.
Traffic Rule 11(B)(1)(a) states:
 "(B) Motions before plea and trial. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before plea or trial by motion.
 "(1) The following defenses and objections must be raised before plea:
 "(a) Defenses and objections based in defects in the institution of the prosecution;
 "(b) Defenses and objections based on defects in the complaint other than failure to show jurisdiction in the court or to charge an offense, which objections shall be notices by the court at any time during the pendency of the proceeding."
Relator availed himself of the legal remedy of a pretrial motion to challenge the validity of the charging instrument.
Under R.C. 2731.05:
 "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."
The mere fact that pursuing an available remedy of appeal at the conclusion of the proceedings encompasses more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law. State ex rel. Willis v. Sheboy (1983), 6 Ohio St.3d 167. Moreover, a party has an adequate remedy at law, by direct appeal, to raise a challenge to the validity or sufficiency of the instrument charging an offense. State ex rel. Dix v. McAllister (1998),81 Ohio St.3d 107.
Clearly, under the facts present in this case, Relator has an available remedy by way of direct appeal should a conviction be obtained. It furthers the interests of justice to conclude proceedings in the trial court before undertaking a comprehensive review of the action taken by the trial court on all issues involved in the proceeding.
Relator fails to state a claim upon which relief could be granted. Complaint dismissed as Relator has an available legal remedy by appeal upon conclusion to the proceedings before the trial court. This decision renders Relator's motion for temporary injunction moot. Costs taxed against Relator.
Final order. Clerk to serve a copy of this order on counsel or unrepresented party and Judge Frank A. Fregiato.
Donofrio, J., Vukovich, J., and DeGenaro, J., concurs.