DECISION AND JUDGMENT ENTRY
{¶ 1} The State appeals the dismissal of its indictment against Robert T. Schoolcraft by the Meigs County Common Pleas Court. It argues that the trial court erred in dismissing the indictment because Crim.R. 7(B) prohibits dismissal of an indictment due to an error in the numerical designation of the statute. Because we find that the trial court dismissed the indictment due only to errors in numerical designation in indictments in this case and other cases, we find that the trial court's dismissal was improper under Crim.R. 7(B). Accordingly, we reverse the decision of the trial court.
 I. {¶ 2} The Meigs County Grand Jury issued an indictment against Schoolcraft. The indictment charged that Schoolcraft: "COUNT ONE: did knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance, to wit: methamphetamine, a Schedule II drug, in violation of Revised Code Section 2925.04, said offense being commonly known as ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FORMANUFACTURE OF DRUGS, a felony of the third degree, in violation of Ohio Revised Code Section 2924.041 (A) * * *." (Emphasis in the original.)
 {¶ 3} The trial court set the case for jury trial on January 3, 2002.
 {¶ 4} In response to Schoolcraft's motion for a bill of particulars, the State filed one that, among other things, identified Count One as being a violation of R.C. 2925.041(A) instead of the section identified in the indictment.
 {¶ 5} On December 31, 2001, the State filed a "Motion for Clerical Correction" in order to correct a typographical error contained in Count One of the indictment. The State asserted that the trial court should change the incorrect Revised Code section in Count One of the indictment, R.C. 2924.041, to R.C. 2925.041.
 {¶ 6} On January 3, 2002, the trial court heard oral argument on several defense motions and then impaneled a jury. Once the trial court sent the jury home for the day, the court heard arguments on the State's motion to correct the indictment. The trial court stated: "It appears about every time we get an indictment the statute number is wrong; therefore, I'm going to exclude Count One. We'll go to trial on Count Two." At 3:56 p.m. that day, the State filed a Notice of Appeal pursuant to Crim.R. 12(K) indicating that it intended to appeal the dismissal of Count One of the indictment. Then, at 3:57 p.m., the clerk of courts file-stamped the signed entry denying the State's motion to correct Count One of the indictment and dismissing Count One of the indictment "for the reason that the Revised Code Section numerical designation was incorrect."
 {¶ 7} The next day, the trial court stated that it needed to give the State a hearing before dismissing Count One of the indictment. The trial court asked the State whether it "want[ed] to have a hearing to see whether or not the Court was in error in dismissing the charge, which I think probably the Court was." The State replied, "Judge, I don't know that we can proceed today as a result of the filing of the Notice of Appeal."
 {¶ 8} In its sole assignment of error, the State asserts that "[t]he trial court erred by dismissing [C]ount [O]ne of the indictment[.]"
 II. {¶ 9} In its only assignment of error, the State argues that the trial court erred in dismissing Count One of the indictment because Crim.R. 7(B) prohibits dismissal of an indictment for an error in the numerical designation of an offense as long as the mistake did not prejudice the defendant.
 {¶ 10} The misnumbering of the statute in an indictment does not invalidate the indictment. State ex rel. Dix v. McAllister (1998),81 Ohio St.3d 107, 108, citing State v. Morales (1987), 32 Ohio St.3d 252,254, fn. 4. Crim.R. 7(B) provides, in part: "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."
 {¶ 11} Here, Count One of the indictment charged Schoolcraft with "knowingly assembl[ing] or possess[ing] one or more chemicals that may be used to manufacture a controlled substance, to wit: methamphetamine, a Schedule II drug in violation of [R.C.] 2925.04, said offense being commonly known as ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FORMANUFACTURE OF DRUGS, a felony of the third degree, in violation of [R.C.] 2924.041 (A)." The bill of particulars contained the same description of Count One, but identified the correct Revised Code Section, which is R.C. 2925.041. The record fails to reveal any prejudice to the defendant suffered because of the incorrect numerical designation in Count One of the indictment. Accordingly, pursuant to Crim.R. 7, the trial court should not have dismissed the indictment.
 {¶ 12} Schoolcraft argues that the trial court has the power under Crim.R. 48 to dismiss the indictment against him. Schoolcraft asserts that the trial court appropriately used its supervisory powers under Crim.R. 48 in dismissing the indictment because the State has also used incorrect statue numbers in indictments in other cases. Crim.R. 48 provides, in part: "[i]f the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Supreme Court has noted that "[t]he rule does not limit the reasons for which a trial judge might dismiss a case," and found that "a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." State v. Busch (1996) 76 Ohio St.3d 613, 615. Crim.R. 48 requires the trial court, when dismissing an indictment over the State's objection, to state on the record its findings of fact and its reasons for the dismissal. State v. Shy (June 30, 1996), Pike App. No. 96CA587.
 {¶ 13} Thus, while Crim.R. 48 generally permits a trial court to dismiss a case in the interests of justice, Crim.R. 7(B) specifically provides that error in the numerical designation of the charge "shall not be grounds for dismissal of the indictment[.]"
 {¶ 14} Construing these rules together, we find that, in this instance, the trial court's dismissal was not proper under Crim.R. 48. The trial court's only reason for dismissing the indictment was the errors in the numerical designation of charges in this and other cases. Crim.R. 7 specifically states that this is an improper reason to dismiss an indictment. Accordingly, the trial court's dismissal of the indictment was not proper under Crim.R. 48.
 {¶ 15} Schoolcraft also argues that the State waived its right to raise this issue on appeal because it refused to allow the trial court to revisit its decision after the State filed its notice of appeal.
 {¶ 16} Generally, once a party files a notice of appeal, the trial court loses jurisdiction. State v. Williams (1993), 86 Ohio App.3d 37,40, citing State ex rel. Special Prosecutors v. Judges, Court of CommonPleas (1978), 55 Ohio St.2d 94, 97. The trial court, however, retains jurisdiction over issues not inconsistent with power and jurisdiction of the Appeals Court to review, affirm, modify or reverse the matter appealed. Id.
 {¶ 17} In this case, the State appealed the trial court's decision to dismiss Count One of the indictment. The trial court's reconsideration of that issue therefore would have been inconsistent with the power and jurisdiction of this court to review, affirm, modify or reverse the trial court's dismissal of Count One. Thus, because the trial court did not have jurisdiction to revisit its decision to dismiss the indictment once the State filed its notice of appeal, the state did not waive its right to this appeal.
 III. {¶ 18} In sum, we find that the trial court erred in dismissing the indictment, sustain the State's only assignment of error, and reverse the decision of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. Harsha, J.: Concur in Judgment and Opinion.