OPINION
{¶ 1} The instant proceeding is a habeas corpus case in which petitioner, Shane R. Elersic, seeks his immediate release from the Trumbull Correctional Institution. As the primary basis for his claim for relief, petitioner asserts that his incarceration should be declared illegal because his right to a speedy trial was violated during the underlying criminal proceeding. For the following reasons, this court holds that petitioner's claim is subject to dismissal because it fails to state a viable grounds for a writ.
 {¶ 2} According to petitioner, his present confinement in the state penitentiary is based on a November 2002 judgment of the Lake County Court of Common Pleas. In that judgment, the trial court stated that, following a jury trial, petitioner had been found guilty of burglary and an accompanying firearm specification. After fully considering the relevant sentencing factors, the court imposed a four-year term for the burglary charge and a one-year term for the specification, with the terms to be served consecutively.
 {¶ 3} In support of his assertion that the forgoing conviction should be declared void, petitioner has made the following allegations in his petition: (1) in September 1999, the Lake County Grand Jury indicted petitioner on nine criminal charges, including one count of receiving stolen property; (2) in February 2000, a jury found him guilty of six of the charges, including the receiving stolen property charge; (3) in November 2001, this court reversed the initial conviction and remanded the matter for a new trial; (4) before the new trial could be had, the state dismissed all of the pending charges in the original indictment, except for the receiving stolen property charge; (5) in March 2002, the Lake County Grand Jury returned a new indictment against petitioner, charging with burglary and grand theft; (6) in July 2002, the new trial on the original charge of receiving stolen property resulted in a jury verdict of not guilty; and (7) in the separate trial on the second indictment, the jury found petitioner guilty of burglary and the firearm specification.
 {¶ 4} In regard to the burglary charge, petitioner further alleges that that charge was predicated upon the same underlying events as had the charge of receiving stolen property in the first indictment. In light of this, petitioner maintains that the state had an obligation to charge him with burglary at the time the original indictment was returned in 1999. He further argues that since the burglary charge was not prosecuted until 2002, his ultimate conviction should be declared void because his statutory right to a speedy trial was violated.
 {¶ 5} Without commenting on the merits of petitioner's "speedy trial" argument, this court would simply indicate that, under the pertinent case law, such an argument cannot be reviewed in the context of a habeas corpus proceeding. In deciding whether prior habeas corpus petitions before us stated viable claims for a writ, we have noted on numerous occasions that such a writ will lie only when the prisoner can establish that the trial court lacked jurisdiction to enter the conviction upon which the incarceration is based. State ex rel. Mike v.Warden of Trumbull Corr. Inst., 11th Dist. No. 2002-T-0153,2003-Ohio-2237. The existence of a jurisdictional error is considered the fundamental requirement for a writ of habeas corpus because, when a prisoner can allege only that a non-jurisdictional error occurred in the trial proceedings, his conviction is deemed to be merely voidable and can be properly challenged in a direct appeal of the final judgment of the trial court. Tillis v. Gansheimer, 11th Dist. No. 2002-A-0099,2003-Ohio-1097.
 {¶ 6} Consistent with the foregoing basic principles, the Supreme Court of Ohio has expressly held that a viable habeas corpus claim cannot be based upon an alleged violation of the right to a speedy trial because: (1) such a violation does not constitute a jurisdictional error; and (2) the prisoner has an adequate legal remedy through a direct appeal. See, e.g., State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287;State ex rel. Williams v. Brigano (1997), 78 Ohio St.3d 413. Pursuant to this precedent, even if it is assumed that all of petitioner's allegations in the instant case are true and his legal analysis of the speedy trial issue is correct, he still would not be entitled to the issuance of a writ of habeas corpus. Although petitioner has attempted to assert that the alleged speedy trial violation in the underlying case deprived the trial court of jurisdiction to enter the conviction, our Supreme Court does not view such an error as being jurisdictional in nature. Hence, petitioner cannot use the instant action as a substitute for a timely direct appeal of his conviction.
 {¶ 7} While not expressly stated in the petition, petitioner's allegations also raise the inference that his conviction should not be allowed to stand because the new trial on the burglary charge violated the constitutional prohibition against double jeopardy. As to this point, this court would note that, under the well-settled precedent of the Supreme Court, an alleged double jeopardy violation cannot form the grounds of a viable claim in habeas corpus because the prisoner has an adequate legal remedy through an appeal of the conviction. See Thomas v.Huffman (1998), 84 Ohio St.3d 266; Borsick v. State (1995),73 Ohio St.3d 258. Thus, the entire petition in the instant action fails to assert any possible grounds which would entitle petitioner to a writ.
 {¶ 8} Pursuant to R.C. 2725.05, the trial court in a habeas corpus action has the authority to dismiss a petition when its initial review of the petition demonstrates that the prisoner has failed to state a viable basis warranting his release from incarceration. In light of the foregoing analysis, we conclude that even when petitioner's own allegations are construe in manner most favorable to him, they indicate that he will never be able to prove a set of facts entitling him to a writ. Accordingly, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed in its entirety.
DONALD R. FORD, P.J., WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J. concur.