OPINION AND JUDGMENT ENTRY *Page 2 
{¶ 1} Relator Kenneth R. Jordan has filed a petition for writ of mandamus to compel Judge C. Ashley Pike of the Columbiana County Court of Common Pleas to grant him days of jail-time credit in Case No. 2007CR344. Relator alleges that he was already serving prison sentences in three other cases when he was indicted in Case No. 2007CR344. He claims that he was taken from the Belmont Correctional Institution to the Columbiana County Jail on three occasions during the litigation of Case No. 2007CR344 and that he is entitled to 54 days of jail-time credit for the time he spent in the Columbiana County Jail. Respondent has filed a Civ. R. 12(B)(6) motion to dismiss. For the following reasons, we grant Respondent's motion and dismiss this petition for writ of mandamus.
 {¶ 2} A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus may be granted if the court finds that the relator: (1) has a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the requested act; and (3) that relator has no plain and adequate remedy at law. State ex rel. Rogers v.Taft (1992), 64 Ohio St.3d 193, 594 N.E.2d 576; State ex rel. Hodges v.Taft (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186. In order to constitute an adequate remedy at law, the alternative must be complete, beneficial, and speedy. State ex rel. Smith v. Cuyahoga Cty. Court of CommonPleas, 106 Ohio St.3d 151, 2005-Ohio-4103, *Page 3 832 N.E.2d 1206, ¶ 19. The right to a direct appeal is an adequate remedy at law. State ex rel. Dix v. McAllister (1998), 81 Ohio St.3d 107, 108,689 N.E.2d 561.
 {¶ 3} A Civ. R. 12(B)(6) motion to dismiss for failure to state a claim is a procedural motion to test the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id. "`A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.'" Id., quoting State ex rel. Alford v. Willoughby (1979),58 Ohio St.2d 221, 224, 12 O.O.3d 229, 390 N.E.2d 782.
 {¶ 4} A court will dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt from the complaint that the relator can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753.
 {¶ 5} Alleged errors regarding the amount of jail-time credited at sentencing must be raised on direct appeal and are not cognizable in mandamus. State ex rel. Rankin v. Ohio Adult Parole Auth.,98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 10. Relator disagrees with the amount of jail-time credit calculated by the trial court in Case No. 2007CR344. He had an adequate remedy at law by way of direct *Page 4 
appeal to address any error in the calculation. A writ of mandamus will not be issued if a petitioner has an adequate remedy at law.
 {¶ 6} Relator's petition for writ of mandamus is dismissed.
 {¶ 7} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, J., concurs.
Vukovich, P.J., concurs.
DeGenaro, J., concurs. *Page 1