[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 412.]

**THE STATE EX REL. WILCOX , APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.**

**THE STATE EX REL. MORGAN, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.**

**THE STATE EX REL. MUNICI, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.**

**THE STATE EX REL. MUNICI, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.**

**[Cite as *State ex rel. Wilcox v. Seidner*, 1996-Ohio-390.]**

*Habeas corpus not available to challenge either the validity or the sufficiency of an indictment.*

(Nos. 96-901, 96-912, 96-919 and 96-920—Submitted July 10, 1996—Decided August 21, 1996.)

APPEALS from the Court of Appeals for Lorain County, Nos. 96CA006342, 96CA006349, 96CA006365 and 96CA006347.

————————————

{¶ 1} These are appeals from dismissals of habeas corpus petitions filed in the Court of Appeals for Lorain County by appellants, inmates incarcerated in the Lorain Correctional Institution under the custody of appellee, Warden Larry Seidner. In these four cases, appellants filed the same form petition for a writ of habeas corpus in the court of appeals. They alleged that their indictments contained no allegation that the charged offenses were committed at some place within the territorial jurisdictions of their sentencing courts. The court of appeals granted appellee's motions and dismissed the petitions because, *inter alia*, habeas corpus is not available to challenge either the validity or sufficiency of indictments.

{¶ 2} These causes are now before this court upon appeals as of right. They raise an identical legal issue and are consolidated for purposes of opinion. In this regard, appellants have filed the same form merit brief. Appellee has filed motions to strike appellants' briefs.

————————————

*Donald W. Wilcox, pro se.*

*Leslie Morgan, pro se.*

*Steven. Munici, pro se.*

*Betty D. Montgomery,* Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

*Motions to Strike*

**{¶ 3}** Preliminarily, appellee moves to strike appellants' briefs because of their alleged failure to comply with this court's Rules of Practice. In April 1996, appellants filed notices of appeal in this court from the court of appeals's judgments dismissing their habeas corpus petitions. On the same dates appellants filed their notices, they also filed briefs. The briefs contained copies of nondate-stamped notices of appeal to this court. Appellants served appellee with copies of the notices of appeal and briefs in April. In late April 1996, we ordered the clerk of the court of appeals to certify and transmit the records in these cases. The clerk of the court of appeals, in accordance with S.Ct.Prac.R. V(3), sent copies of the indexes listing the items included in the records to the parties on May 6 and 7, 1996. On May 10, the records were transmitted to this court.

**{¶ 4}** Appellee claims that appellants violated S.Ct.Prac.R. VI(1)(B)(5)(a), XIV(2)(A), and VI(1)(A). Here, it is evident that appellants did technically violate S.Ct.Prac.R. VI(1)(B)(5)(a), which provides that an appellant's brief in this court shall contain an appendix with a copy of "[t]he date-stamped notice of appeal to the Supreme Court." Appellants' briefs, filed on the same date as their notices of appeal, contained nondate-stamped copies of their notices.

**{¶ 5}** However, there was no violation of S.Ct.Prac.R. XIV(2)(A), since appellants properly served copies of their notices and briefs on appellee. Further, S.Ct.Prac.R. VI(1)(A) was not violated because it merely provides that appellants

shall file their merit briefs "within 40 days from the date the Clerk of the Supreme Court receives and files the record from the court of appeals or the administrative agency." S.Ct.Prac.R. VI(1)(A) does not expressly preclude the filing of an appellant's brief prior to the time the record is transmitted to the court.

{¶ 6} Therefore, it appears that only S.Ct.Prac.R. VI(1)(B)(5)(a) was technically violated. Given the relatively minor violation of this rule and the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits, this court denies appellee's request to strike appellants' briefs. See *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 823, quoting *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 213, 413 N.E.2d 644, 647 ("'Fairness and justice are best served when a court disposes of a case on the merits.'").

{¶ 7} Appellee alternatively requests that we permit him to file briefs in these cases within thirty days of the date that the records were certified and filed. Appellee complains that prematurely filed appellants' briefs should not force appellee to respond within thirty days of such briefs pursuant to S.Ct.Prac.R. VI(2)(A) because he would be without benefit of the transmitted records in such cases. However, even if we accept such contention, the records were filed in this court on May 10, so that the thirty-day time period that appellee requests has already passed. Although appellee also claims that he did not receive notice of the date the records were filed (see S.Ct.Prac.R. V[3]), even if this were true, nothing in S.Ct.Prac.R. VI conditions any party's duty to file a brief on issuance or receipt of such notice. Here, appellee received timely service of appellants' briefs and was sent copies of the indexes of the transmitted records by the clerk of the court of appeals. Appellee neither filed briefs within thirty days after the filing of appellants' briefs as required by S.Ct.Prac.R. VI(2)(A) nor requested an extension under S.Ct.Prac.R. XIV(3)(B)(2)(b). In addition, appellee's arguments on appeal

are fairly represented by his motions to dismiss filed in the court of appeals. Based on the foregoing, we proceed to the merits of these appeals.

*Merits*

{¶ 8} Appellants assert that the court of appeals erred in dismissing their habeas corpus actions. Habeas corpus will issue in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate remedy in the ordinary course of the law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. In order to avoid a dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748.

{¶ 9} Appellants claim that their indictments did not comply with R.C. 2941.03(D) because none of the charges alleged that the offenses was committed within the territorial jurisdictions of their sentencing courts. R.C. 2941.03 provides that "[a]n indictment or information is sufficient if it can be understood therefrom: *** (D) That an offense was committed at some place within the jurisdiction of the court ***." See, also, *State v. Luna* (1994), 96 Ohio App.3d 207, 210, 644 N.E.2d 1056, 1058 (trial court erred when it denied motion to dismiss indictment where there was no allegation in the indictment that the charged offense "'was committed at some place within the jurisdiction of the court'" as required by R.C. 2941.03[D]).

{¶ 10} Appellants do not claim that the offenses for which they were ultimately convicted and sentenced did not occur within the territorial jurisdictions of their sentencing courts. As the court of appeals properly concluded, appellants' claims merely attacked the validity or sufficiency of their indictments. We have repeatedly held that habeas corpus is not available to challenge either the validity or sufficiency of an indictment, and these claims can be raised on direct appeal. *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169, certiorari

4

denied (1995), 513 U.S. ___, 115 S.Ct. 759, 130 L.Ed.2d 658; *Wilson v. Rogers* (1993), 68 Ohio St.3d 130, 623 N.E.2d 1210.

{¶ 11} In other words, an indictment cannot be collaterally attacked following a judgment of conviction "'because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, *i.e.*, jurisdiction to try the defendant for the crime for which he was convicted.'" *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 667-668, 590 N.E.2d 744, 746, quoting *State v. Wozniak* (1961), 172 Ohio St. 517, 522-523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804. Appellants could have raised this issue on direct appeal. *Luna,* 70 Ohio St.3d at 562, 639 N.E.2d at 1169.

{¶ 12} Further, the indictments attached to appellants' petitions in case Nos. 96-912, 96-919, and 96-920 disclose that they *did* allege that the charged offenses were committed within the sentencing courts' territorial jurisdictions and thus fully complied with R.C. 2941.03(D). In addition, although the appellant in the remaining appeal, case No. 96-901, did not attach a copy of his indictment to his petition filed in the court below, he did attach a copy to his appellate brief. If the court could consider this new material, cf. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus, this indictment also discloses no violation of R.C. 2941.03(D).

{¶ 13} For the foregoing reasons, the judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____