THE STATE EX REL. YAUGER, APPELLANT, *v.* SEIDNER,
WARDEN, APPELLEE. (TWO CASES.)

THE STATE EX REL. KIMBRO, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. MCCLUTCHEN, APPELLANT,
*v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. WHITE, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. GARCIA, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. DIX, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Yauger v. Seidner* (1996), 77 Ohio St.3d 69.]

(Nos. 96–1009, 96–1010, 96–1263, 96–1273, 96–1300, 96–1311 and 96–1351—Submitted September 10, 1996—Decided November 6, 1996.)

*Ricky Yauger, pro se.*

*Nathaniel Kimbro, pro se.*

*Phillip McClutchen, pro se.*

*David J. White, pro se.*

*Modesto Garcia, pro se.*

*Richard Dix, Jr., pro se.*

*Betty D. Montgomery,* Attorney General, *Charles L. Wille, Karl R. Wetzel, Stuart A. Cole* and *Donald Gary Keyser,* Assistant Attorneys General, for appellee.

---

*Per Curiam.* Appellants assert in their propositions of law that the court of appeals erred in dismissing their habeas corpus petitions. Appellants claim that their indictments did not comply with R.C. 2941.03(D) because none of the charges alleged that the offenses were committed within the territorial jurisdictions of their sentencing courts. However, as we recently held in similar appeals instituted by inmates at the same prison, these claims merely attack the validity or sufficiency of their indictments and are cognizable on direct appeal rather than via habeas corpus. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414–

415, 667 N.E.2d 1220, 1222. The court of appeals properly dismissed appellants' petitions.

Accordingly, we affirm the judgments of the court of appeals.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.