[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 69.]

THE STATE EX REL. YAUGER, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

(TWO CASES.)

THE STATE EX REL. KIMBRO, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. MCCLUTCHEN, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. WHITE, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. GARCIA, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. DIX, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Yauger v. Seidner*, 1996-Ohio-348.]

*Habeas corpus not available to challenge either the validity or the sufficiency of an indictment.*

(Nos. 96-1009, 96-1010, 96-1263, 96-1273, 96-1300, 96-1311 and 96-1351—Submitted September 10, 1996—Decided November 6, 1996.)

APPEALS from the Court of Appeals for Lorain County, Nos. 96CA006362, 96CA006363, 96CA006375, 96CA006381, 96CA006385, 96CA006386 and 96CA006370.

————————————

{¶ 1} These are appeals from dismissals of habeas corpus petitions filed in the Court of Appeals for Lorain County by appellants, inmates incarcerated in the Lorain Correctional Institution under the custody of appellee, Warden Larry Seidner. In these seven cases, appellants filed similar form petitions for a writ of habeas corpus in the court of appeals. They alleged that their indictments contained no allegation that the charged offenses were committed within the territorial jurisdiction of their sentencing courts. The court of appeals granted appellee's motions and dismissed the petitions.

{¶ 2} These causes are now before this court upon appeals as of right.

_____

*Ricky Yauger, pro se.*

*Nathaniel Kimbro, pro se.*

*Phillip McClutchen, pro se.*

*David J. White, pro se.*

*Modesto Garcia, pro se.*

*Richard Dix, Jr., pro se.*

*Betty D. Montgomery,* Attorney General, *Charles L. Wille, Karl R. Wetzel, Stuart A. Cole* and *Donald Gary Keyser,* Assistant Attorneys General, for appellee.

_____

***Per Curiam.***

**{¶ 3}** Appellants assert in their propositions of law that the court of appeals erred in dismissing their habeas corpus petitions. Appellants claim that their indictments did not comply with R.C. 2941.03(D) because none of the charges alleged that the offenses were committed within the territorial jurisdictions of their sentencing courts. However, as we recently held in similar appeals instituted by inmates at the same prison, these claims merely attack the validity or sufficiency of their indictments and are cognizable on direct appeal rather than via habeas corpus. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414-415, 667 N.E.2d 1220, 1222. The court of appeals properly dismissed appellants' petitions.

**{¶ 4}** Accordingly, we affirm the judgments of the court of appeals.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____