THE STATE EX REL. JOSSO, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. YEAGER, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE. (TWO CASES.)

[Cite as *State ex rel. Josso v. Seidner* (1997), 77 Ohio St.3d 250.]

(Nos. 96–1303, 96–1558 and 96–1560—Submitted November 12, 1996—Decided January 15, 1997.)

*Timothy Josso, pro se.*

*Dennis Paul Yeager, pro se.*

*Betty D. Montgomery,* Attorney General, *Michael L. Bachman* and *Stephanie L. Harris,* Assistant Attorneys General, for appellee.

*Per Curiam.* Appellants assert in their propositions of law that the court of appeals erred in dismissing their habeas corpus petitions. Appellants contend that their indictments were invalid under R.C. 2941.03(D) because none of the charges alleged that the offenses were committed within the territorial jurisdictions of their sentencing courts. Appellants' contention is meritless because it merely attacks the validity or sufficiency of their indictments. Such challenges are cognizable on direct appeal rather than by habeas corpus. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414–415, 667 N.E.2d 1220, 1222; *State ex rel. Yauger v. Seidner* (1996), 77 Ohio St.3d 69, 70, 671 N.E.2d 29, 30. In addition, the indictments attached to appellants' petitions establish that the indictments complied with R.C. 2941.03(D) by alleging that the charged offenses were committed within the sentencing courts' territorial jurisdictions. Based on the foregoing, the court of appeals properly dismissed appellants' petitions. The judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.