[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 250.]

THE STATE EX REL. JOSSO, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.

THE STATE EX REL. YEAGER, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.

(TWO CASES.)

[Cite as *State ex rel. Josso v. Seidner*, 1997-Ohio-275.]

*Habeas corpus not available to challenge either the validity or the sufficiency of an indictment.*

(Nos. 96-1303, 96-1558 and 96-1560—Submitted November 12, 1996—Decided January 15, 1997.)

APPEALS from the Court of Appeals for Lorain County, Nos. 96CA006408, 96CA006403 and 96CA006401.

———————————

{¶ 1} These are appeals from dismissals of habeas corpus petitions filed in the Court of Appeals for Lorain County by appellants, Timothy Josso and Dennis Paul Yeager, inmates incarcerated in the Lorain Correctional Institution under the custody of appellee, Warden Larry Seidner. In these three cases, appellants filed similar form petitions for a writ of habeas corpus in the court of appeals. They alleged that their indictments contained no allegation that the charged offenses were committed at some place within the territorial jurisdictions of their sentencing courts. The court of appeals granted appellee's motions and dismissed the petitions.

{¶ 2} These causes are now before this court upon appeals as of right.

———————————

*Timothy Josso*, pro se.

*Dennis Paul Yeager*, pro se.

*Betty D. Montgomery*, Attorney General, *Michael L. Bachman* and *Stephanie L. Harris*, Assistant Attorneys General, for appellee.

———————————

*Per Curiam.*

{¶ 3} Appellants assert in their propositions of law that the court of appeals erred in dismissing their habeas corpus petitions. Appellants contend that their indictments were invalid under R.C. 2941.03(D) because none of the charges alleged that the offenses were committed within the territorial jurisdictions of their sentencing courts. Appellants' contention is meritless because it merely attacks the validity or sufficiency of their indictments. Such challenges are cognizable on direct appeal rather than by habeas corpus. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414-415, 667 N.E.2d 1220, 1222; *State ex rel. Yauger v. Seidner* (1996), 77 Ohio St.3d 69, 70, ___ N.E.2d ___ , ___. In addition, the indictments attached to appellants' petitions establish that the indictments complied with R.C. 2941.03(D) by alleging that the charged offenses were committed within the sentencing courts' territorial jurisdictions. Based on the foregoing, the court of appeals properly dismissed appellants' petitions. The judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————