[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 107.]

THE STATE EX REL. DIX, APPELLANT, *v*. MCALLISTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Dix v. McAllister*, 1998-Ohio-646.]

*Mandamus to compel court of common pleas judge to vacate relator's judgment of conviction and sentence for aggravated murder—Complaint dismissed, when.*

(No. 97-1697—Submitted December 2, 1997—Decided February 18, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72174.

_____

{¶ 1} In January 1984, a Cuyahoga County Grand Jury indicted appellant, Richard Dix, Jr., on one count of aggravated murder and a firearm specification. After that case was dismissed, the grand jury reindicted Dix. The new indictment provided:

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above [*i.e.*, December 4, 1983], in the County of Cuyahoga, unlawfully and purposely and with prior calculation and design, caused the death of another, to-wit: Charles Atterbury.

"*SPECIFICATION 1*: (Gun)

"The Grand Jurors further find and specify that the offender, Richard Dix, had a firearm on or about his person or under his control while committing the offense charged in this count of the indictment."

{¶ 2} The caption of the indictment titled the charge as "AGGRAVATED MURDER R.C. 2903.11 WITH GUN SPECIFICATION." The caption is inaccurate. R.C. 2903.11 refers to felonious assault; it is R.C. 2903.01 that refers to aggravated murder.

**{¶ 3}** The Cuyahoga County Common Pleas Court convicted Dix of aggravated murder and the firearm specification and sentenced him accordingly. The judgment was affirmed on appeal. *State v. Dix* (Mar. 12, 1987), Cuyahoga App. No. 51881, unreported, 1987 WL 7884.

**{¶ 4}** In March 1997, Dix filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Ralph McAllister, to vacate Dix's judgment of conviction and sentence. Dix claimed that his indictment was invalid because it omitted the correct aggravated murder statute, and that this also violated his constitutional right against double jeopardy. The court of appeals granted Judge McAllister's Civ.R. 12(B)(6) motion and dismissed Dix's complaint.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

———————————

*Richard Dix, Jr., pro se*.

———————————

***Per Curiam.***

**{¶ 6}** Dix asserts that the court of appeals erred by dismissing his complaint. The court of appeals, however, properly dismissed Dix's complaint for the following reasons.

**{¶ 7}** First, as the court of appeals held, the misnumbering of the aggravated murder statute in Dix's indictment did not invalidate the indictment, as we held in *State v. Morales* (1987), 32 Ohio St.3d 252, 254, 513 N.E.2d 267, 270, fn. 4. See Crim.R. 7(B), which provides:

"Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. *Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a*

*conviction, if the error or omission did not prejudicially mislead the defendant*." (Emphasis added.)

**{¶ 8}** Second, Dix had an adequate remedy at law by direct appeal to raise his challenge to the validity or sufficiency of his indictment. *State ex rel. Yauger v. Seidner* (1996), 77 Ohio St.3d 69, 671 N.E.2d 29. A writ of mandamus will not issue if there is an adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.* (1997), 79 Ohio St.3d 216, 218, 680 N.E.2d 993, 995.

**{¶ 9}** Third, Dix's double jeopardy claim is not cognizable in mandamus. See, *e.g.*, *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69, 72; *Borsick v. State* (1995), 73 Ohio St.3d 258, 652 N.E.2d 951.

**{¶ 10}** Finally, Dix sought release from prison by invalidating his conviction and sentence through his mandamus action. But habeas corpus, rather than mandamus, is the appropriate remedy for persons claiming entitlement to immediate release from prison. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227.

**{¶ 11}** Based on the foregoing, the court of appeals properly dismissed Dix's complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____