OPINION.
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Hawkeye Charter Service, Inc. ("Hawkeye Charter Service") and Terry L. Garoutte ("Garoutte"), appeal from a final judgment of the Trumbull County Court of Common Pleas granting appellee, Western Reserve Port Authority ("Western Reserve"), summary judgment. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
 {¶ 2} On January 11, 2001, Jason Ehlert and Michelle Smith-Ehlert ("the Ehlerts") filed a complaint against appellants and appellee to recover damages allegedly suffered by Jason Ehlert in an airplane accident.[1] According to the complaint, on January 14, 1999, Jason Ehlert was a passenger on a plane owned by Hawkeye Charter Service and piloted by Garoutte that was involved in accident while landing at an airport owned and operated by Western Reserve.
 {¶ 3} In response to the Ehlerts complaint, Western Reserve, Hawkeye Charter Service, and Garoutte filed separate answers on January 31, 2001, February 7, 2001, and February 9, 2001, respectively. However, on July 9, 2001, appellants retained new counsel and, with leave of court, amended their answer to include a cross-claim against Western Reserve. Appellants alleged that Western Reserve's failure to properly maintain the runway on the night in question was the sole and proximate cause of the accident. As a result, appellants argued that if they were ultimately found responsible for any of the damages claimed by the Ehlerts, they were entitled to contribution and/or indemnification from Western Reserve. Appellants also contended that because they were unable to operate the airplane involved in the accident, they suffered lost revenue in excess of $25,000.
 {¶ 4} Western Reserve subsequently filed a motion for summary judgment in which it argued that appellants had failed to file their cross-claim within the two-year statute of limitations set forth in R.C.2305.10. After appellants filed briefs in opposition, the trial court issued a judgment entry on June 17, 2002, granting Western Reserve summary judgment.
 {¶ 5} From this decision, appellants filed a timely notice of appeal with this court. They now argue under their sole assignment of error that the trial court erred in granting Western Reserve summary judgment because Western Reserve was fully aware of the cause of action before the filing of the cross-claim as the "facts giving rise to the cross-claim are nearly identical as to that of [the Ehlerts'] claims against [Western Reserve] in this case." Based on this assumption, appellants contend that the application of the statute of limitations would be a "victory of form over substance" and violate the spirit of the civil rules to decide cases on their merits rather than pleading deficiencies.
 {¶ 6} Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-176.
 {¶ 7} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. at 293.
 {¶ 8} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 9} R.C. 2305.10, which governs actions to recover damages for injury to personal property and losses incident thereto, provides in part that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Accordingly, both parties agree that the statute of limitations in this case began to run on January 15, 1999, the day after the accident, and expired on January 15, 2001.
 {¶ 10} As previously discussed, appellants asserted two separate causes of actions in their cross-claim; one seeking lost revenues, a form of affirmative relief, and another one seeking contribution and/or indemnification, which is defensive in nature.
 {¶ 11} Having said that, appellants submit that their cross-claim should relate back to the Ehlerts' complaint because the cross-claim arose out of the same facts and circumstances. In arguing this, they rely on Civ.R. 15(C), which sets forth a procedure where, in certain circumstances, an amendment adding a claim or defense will relate back to the date of the original pleading. It states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. * * *"
 {¶ 12} Unfortunately, asserting a cross-claim against a co-defendant is not the same as amending a pleading. Bd. of Edn. ofCleveland City School Dist. v. URS Co., Inc. (Sept. 22, 1994), 8th Dist. No. 64496, 1994 WL 520862, at 9. Instead, "a cross-claim is a pleading
or, more precisely, it is a complaint against another party defendant." (Emphasis added.) Id. See, also, Civ.R. 13(G).[2] Therefore, appellants' cross-claim cannot relate back to the Ehlerts' complaint as it is itself a separate pleading. URS Co. at 9.[3]
 {¶ 13} We understand that as a general proposition, cases should be decided on their merits where possible. State ex rel. Wilcox v.Seidner, 76 Ohio St.3d 412, 414, 1996-Ohio-390. That being said, "`the purposes served by statutes of limitations [are] intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights.'" (Citations omitted.) Vaccariello v. Smith Nephew Richards, Inc., 94 Ohio St.3d 380, 382, 2002-Ohio-892, quoting Crown, Clark Seal Co., Inc. v. Parker (1983), 462 U.S. 345,352.
 {¶ 14} Even though the expiration of the statute of limitations prevents appellants from seeking damages for lost revenues, the same is not true with respect to their claim for contribution and/or indemnification. Civ.R. 13(G) provides that a defendant may file a cross-claim against a co-defendant arguing that the co-defendant is or may be liable to the cross-claimant for all or part of a judgment rendered against the cross-claimant. However, Civ.R. 14(A) states in part that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." As a result, a cause of action based on contribution or indemnification does not necessarily mature until the plaintiff receives a judgment against the asserting defendant, or, at a minimum, until the defendant is aware of potential liability. See, e.g., Scheetz v. Ucker (Feb. 24, 1987), 10th Dist. No. 86 AP 932, 1987 WL 7104, at 2.
 {¶ 15} In Scheetz, the Tenth Appellate District discussed the differences between affirmative and defensive cross-claims, and their relationship to statutes of limitations:
 {¶ 16} "In this case, each defendant filed a cross-claim. Both were filed after the two-year statute of limitations for personal injuries had run. Suzanne Ucker's cross-claim did not seek affirmative relief and only sought contribution or indemnification in the event a judgment was rendered against her. This cross-claim, under all the authority, is not barred since it does not arise until judgment is recovered against the asserting defendant. In other words, it is a cross-claim that is in the nature of third-party practice under Civ.R. 14, which alleges that a co-defendant may be liable for all or part of the plaintiff's claim against her. This type of cross-claim is stated as a type of cross-claim by Civ.R. 13(G).
 {¶ 17} "Appellant's cross-claim is of a different nature. It was a cross-claim for his own injuries and was a new claim. It was not defensive in nature and affirmative relief was sought. Thus, the statute of limitations was not tolled by the filing of the original complaint by plaintiff and the statute of limitations continued to run until the cross-claim was filed. * * *" Scheetz at 2.
 {¶ 18} Accordingly, although a statute of limitations will not prevent a party from seeking contribution and/or indemnification from a co-defendant, the "reasons for tolling the statute of limitations from the filing date of the complaint lose their vitality when considered in relation to a cross-claim where one defendant seeks to recover damages for his own injuries from another defendant. Hence, the rule is not applicable to cross-claims in which one defendant seeks affirmative relief against another defendant which arises out of the same accident." Id.
 {¶ 19} It would be illogical to force a defendant to raise a claim for contribution or indemnification simply to satisfy the applicable statute of limitations. To hold otherwise would require a person to not only speculate as to who may file an action against him in the future, but also to anticipate the claims so that the person can then decide whether someone else is at least partially responsible for any subsequent damages. So while the trial court properly granted Western Reserve summary judgment on appellants' claim for affirmative relief, R.C. 2305.10
did not bar appellants from seeking contribution or indemnification.
 {¶ 20} Pursuant to the foregoing analysis, appellant's sole assignment of error has merit to the extent indicated. Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.
[1] The complaint also included a claim for loss of consortium on behalf of Michelle Smith-Ehlert.
[2] Civ.R. 13(G) states: "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."
[3] Because both Hawkeye Charter Service and Garoutte filed their answers after the statute of limitations expired, we do not need to address whether their cross-claim would relate back to either of their original answers.