OPINION
{¶ 1} Defendant-appellant Benny Byrd challenges his conviction and sentence on one count of aggravated robbery of a police officer, in violation of R.C. 2911.01(B), and one count of assault of a peace officer, in violation R.C. 2913.13(A), on grounds of inadmissibility of evidence, sufficiency of the evidence, and prosecutorial misconduct. Finding no errors leading to the adjudication of guilt, that part of the trial court's judgment is affirmed. But because the trial court erred as a matter of law in failing to order that the prison terms imposed for the two offenses be served consecutively, the sentence is vacated and this cause is remanded for resentencing.
 {¶ 2} Mt. Healthy police officer James Etler stopped Byrd for riding a moped without headlights. Officer Etler approached Byrd and asked for identification. Byrd did not produce a driver's license and provided the officer with a false identity. Officer Etler twice more queried Byrd but was unable to obtain proper identification. When another officer arrived to assist, Byrd fled on foot into a wooded area.
 {¶ 3} Within two minutes, Officer Etler found Byrd hiding on the ground in a fetal position. The officer attempted to take Byrd into custody. Byrd knocked Officer Etler to the ground, climbed on top of him, and began striking the officer in the face and chest with his fists. The two fought for over five minutes. Officer Etler was able to employ the "panic button" on his police radio to summon help. During the fight, Byrd tried to remove Officer Etler's sidearm from its holster. Officer Etler testified that Byrd said that "if I do get the gun out of your holster I'm going to kill you." Officer Etler was able to free himself from Byrd by kicking him. Byrd fled once again.
 {¶ 4} The police officers went to the home of the moped's owner. The owner's father, Michael Bell, told police that Byrd had been riding the moped that evening. The officers obtained Byrd's photograph from the Ohio Bureau of Motor Vehicles. From that photograph, Officer Etler identified Byrd as the person he had stopped and had fought with in the woods.
 {¶ 5} Following a jury trial, Byrd was convicted and sentenced to concurrent terms of imprisonment: nine years for the aggravated-robbery charge and one year for the assault. Byrd now advances six assignments of error in these consolidated appeals.
 {¶ 6} In his first assignment of error, Byrd argues that the state failed to offer evidence of the theft offense necessary to sustain his conviction for aggravated robbery as alleged in the indictment. The indictment numbered B-0309521 listed count one as aggravated robbery in violation of R.C. 2911.01(A)(1), in which commission of a theft offense was an element of the charged offense.
 {¶ 7} Instead, count one should have listed R.C. 2911.01(B) — aggravated robbery while attempting to remove a police officer's weapon — and the trial court compounded this mistake in its judgment entry. But the misnaming of a statute does not necessarily invalidate an indictment. See State ex rel. Dix v. McAllister, 81 Ohio St.3d 107, 108,1998-Ohio-646, 689 N.E.2d 561, citing State v. Morales (1987),32 Ohio St.3d 252, 254, 513 N.E.2d 267; see, also, State v. Hopkins
(Dec. 24, 1985), 1st Dist. No. C-840852. Crim.R. 7(B) provides that "[e]rror in the numerical designation or omission of the numerical designation [of the statute that the defendant is alleged to have violated] shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."
 {¶ 8} In this case, Byrd was not prejudiced in preparing his defense. While the indictment listed the misnumbered statute, the text clearly reflected that Byrd "without privilege to do so, [had] knowingly removed or attempted to remove a deadly weapon, to wit: A FIREARM from the person of, to wit: JASON ELTER [sic], a law enforcement officer," when Officer Etler was performing his duties and when Byrd had reason to know that he was a police officer. Moreover, the state's bill of particulars stated that Byrd had assaulted Officer Etler and had "attempted to remove and did remove" his firearm. The state offered evidence in its case-in-chief of Byrd's struggle with Officer Etler and his attempt to deprive the officer of his sidearm. The trial court correctly instructed the jury on the elements of R.C. 2911.01(B), and not on the elements of theftbased aggravated robbery.
 {¶ 9} Because the substance of count one and the bill of particulars informed Byrd of all the essential elements of the offense charged against him pursuant to Crim.R. 7(B), and because the record contains substantial, credible evidence from which the trier of fact could have concluded that the state had proved all elements of R.C. 2911.01(B) beyond a reasonable doubt, the assignment of error is overruled. SeeState v. Brown, 12th Dist. No. CA2003-02-004, 2004-Ohio-424; see, also,State v. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
 {¶ 10} In his second assignment of error, Byrd argues that the trial court erred in admitting improper other-acts testimony during his trial counsel's cross-examination of Officer Etler and another officer. See Evid.R 404(B). He challenges three statements. During cross-examination by Byrd's trial counsel, an investigating officer said that Byrd had been wearing gold false teeth when he unsuccessfully tried to arrest him, and that Byrd had outstanding warrants for his arrest not related to his attack upon Officer Etler. Byrd also challenges Officer Etler's statement, made in response to defense questioning, that Byrd was wearing a "wife beater" tee shirt when stopped on his moped.
 {¶ 11} Byrd did not object to the admission of these statements or request a limiting instruction from the trial court. Error cannot be predicated on a ruling that admits evidence without objection unless the ruling affects a substantial right of the defendant. See Evid.R. 103(A); see, also, Crim.R. 52(A); State v. Sutorius (1997), 122 Ohio App.3d 1,701 N.E.2d 1.
 {¶ 12} Officer Etler had described his assailant as wearing gold teeth, and the investigating officer's statement was relevant to the issue of identification. The officer mentioned the outstanding arrest warrants in response to defense counsel's question concerning what Byrd had said when he was arrested. The officer stated that Byrd mentioned that a warrant had erroneously been issued for him after he had been a bystander at a fight in Springfield Township. Officer Etler apologized for the description of Byrd's tee shirt and stated that it could also have been called a "muscle shirt." As no substantial right was jeopardized by the statements, the assignment of error is overruled.
 {¶ 13} Byrd next argues, in two interrelated assignments of error, that he was denied his constitutional right to a fair trial by a course of prosecutorial misconduct (1) in questioning a police officer about the hearsay statements of the moped owner identifying Byrd as the last person to use the moped, and (2) in noting, in closing argument, that Byrd could have called witnesses to substantiate his claims that a "mystery" moped rider had assaulted Officer Etler.
 {¶ 14} The test for whether prosecutorial misconduct mandates reversal is whether remarks or actions were improper, and, if so, whether they prejudicially affected the substantial rights of the accused. See Statev. Bey, 85 Ohio St.3d 487, 493, 1999-Ohio-283, 709 N.E.2d 484. The central element of prosecutorial-misconduct analysis is "whether the conduct complained of deprived the defendant of a fair trial." State v.Fears, 86 Ohio St.3d 329, 332, 1999-Ohio-111, 715 N.E.2d 136, citingState v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394.
 {¶ 15} On this record, we are not persuaded that the prosecutor's statements prejudicially affected Byrd's substantial rights. Byrd objected to the hearsay testimony concerning how investigating officers had obtained the Bureau of Motor Vehicles photograph of Byrd after speaking with Michael Bell, the father of the moped owner. The trial court sustained the objections and instructed the jury to disregard the statements. Additionally, Bell, as a defense witness, testified about these events later in the trial. A conviction will not be reversed on the basis of improper questioning by the prosecutor when an objection is sustained and the jury is adequately admonished to disregard the witness's response. See State v. Love (1988), 49 Ohio App.3d 88, 91,550 N.E.2d 951; see, also, State v. Kelly, 1st Dist. No. C-010639, 2002-Ohio-6246, at ¶ 21.
 {¶ 16} Byrd did not object to the prosecutor's remarks in closing argument. The failure to object to statements made by a prosecutor during closing argument waives all but plain error. See Crim.R. 52(B); see, also, State v. Hill, 92 Ohio St.3d 191, 202, 2001-Ohio-141, 749 N.E.2d 274. The prosecutor's remarks must be evaluated in light of the entire closing argument. The misconduct may be recognized as plain error only if it is clear that the defendant would not have been convicted in the absence of the improper remarks. See State v. Slagle (1992), 65 Ohio St.3d 597,604-605, 605 N.E.2d 916. On the basis of this record, we cannot say that, but for the misconduct, the outcome of the trial clearly would have been otherwise. Therefore, the third and fourth assignments of error are overruled.
 {¶ 17} In his fifth assignment of error, Byrd argues that the trial court's imposition of a nine-year prison term was not supported by the evidence adduced at the trial or at the sentencing hearing. This contention must fail. The trial court made findings at the sentencing hearing and in its journalized sentencing worksheet that the shortest prison term would demean the seriousness of Byrd's conduct and would not adequately protect the public from future crime. See R.C. 2929.14(B)(2); see, also, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, paragraph two of the syllabus. And while it was not required to do so, the trial court gave reasons to support its findings, noting that Byrd was a dangerous person who had had numerous violent contacts with the police, and that Byrd had threatened to kill Officer Etler. See id. at ¶ 26.
 {¶ 18} Our independent review of the sentence reveals, however, that the trial court failed to order the sentences to be served consecutively as required by law. Where a trial court imposes a prison term for knowingly attempting to deprive a police officer of a deadly weapon in violation of R.C. 2911.01(B), "the offender shall serve that prison term consecutively to any other prison term * * * previously or subsequently imposed upon the offender." R.C. 2929.14(E)(3). Unlike those offenses where the trial court has the option to impose consecutive sentences under R.C. 2929.14(E)(4), the trial court in this case was required to impose consecutive sentences by operation of law because it imposed a prison term upon Byrd for violating R.C. 2911.01(B). See State v. Clark,
1st Dist. No. C-010532, 2002-Ohio-3135, at ¶ 13-14; see, also, State v.Burgin, 1st Dist. No. C-020755, 2003-Ohio-4963, at ¶ 10. The sentence must be vacated. If, upon remand, the trial court imposes a prison term for the aggravated-robbery conviction, it must be made consecutive to any other prison term imposed. The fifth assignment of error is otherwise overruled.
 {¶ 19} In his final assignment of error, Byrd challenges the weight of the evidence to support his convictions. Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The jury was entitled to reject Byrd's theory that a "mystery" moped rider had committed the offenses. The state presented ample evidence, including Officer Etler's identification testimony, to connect Byrd to the crimes and to identify him as the perpetrator. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, see State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus, the jury, in resolving conflicts in the testimony, could properly have found Byrd guilty of the charged crimes and thus did not lose its way. The sixth assignment of error is overruled.
 {¶ 20} We affirm the judgment of the trial court with respect to its findings of guilt, subject to the modification that Byrd was found guilty, in count one, of aggravated robbery in violation of R.C.2911.01(B)(1). Because the trial court failed to comply with R.C.2929.14(E)(4), we vacate the sentences and remand the case to the trial court for further proceedings consistent with law and this Opinion.
Judgment accordingly.
Doan, P.J., and Painter, J., concur.