OHIO CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as *Ohio Consumers' Counsel v. Pub. Util. Comm.,*
105 Ohio St.3d 1211, 2005-Ohio-1023.]

(No. 2004–1227—Submitted January 18, 2005—Decided March 23, 2005.)

{¶ 1} The motion to intervene as appellee by Columbia Gas of Ohio, Inc., is granted.

{¶ 2} On July 29, 2004, appellant filed a notice of appeal. The notice of appeal did not include the certificate of filing required by S.Ct.Prac.R. XIV(2)(C)(2). Accordingly,

{¶ 3} IT IS ORDERED by the court, sua sponte, that appellant's notice of appeal be, and hereby is, stricken.

{¶ 4} IT IS FURTHER ORDERED by the court that the motions to dismiss of the Public Utilities Commission and Columbia Gas of Ohio, Inc. be, and hereby are, granted.

{¶ 5} ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., concur in part and dissent in part.

PFEIFER, J., concurring in part and dissenting in part.

{¶ 6} Ohio Consumers' Counsel ("OCC") filed a notice of appeal with this court and with the Public Utilities Commission's ("PUCO") docketing division on July 29, 2004. OCC failed to include a certificate of filing as required by S.Ct.Prac.R. XIV(2)(C)(2) and a case-information statement as required by S.Ct.Prac.R. II(6). PUCO contends that OCC's failure to include the certificate of filing and the case-information statement should result in the dismissal of the case. OCC contends

that its failure is technical and did not prejudice PUCO and, therefore, should be overlooked in this instance.

{¶ 7} "[T]he fundamental tenet of judicial review in Ohio [is] that courts should decide cases on their merits." *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220, citing *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644. "Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *DeHart*, at 192, 23 O.O.3d 210, 431 N.E.2d 644. Unfortunately, this court today comes down on the side of hypertechnical obeisance.

{¶ 8} S.Ct.Prac.R. XIV(2)(C)(2) states, "In an appeal from the Public Utilities Commission * * *, the notice of appeal shall also contain a certificate of filing to evidence that the appellant filed a notice of appeal with the docketing division of the Public Utilities Commission * * *." OCC should have included a certificate of filing; it didn't. The reason for the certificate, however, is to ensure that a notice of appeal was filed with the docketing division of the PUCO; the notice of appeal was so filed.

{¶ 9} PUCO was on notice of the appeal and has not argued that it was prejudiced by OCC's failure to include the certificate of filing. This case should serve as an opportunity for this court to remind parties to routinely check for new rules. S.Ct.Prac.R. XIV(2)(C)(2) had been in effect less than a month when OCC failed to follow it. See 101 Ohio St.3d CLXI. At most, we should rule that S.Ct.Prac.R. XIV(2)(C)(2) will be strictly enforced from this date forward. Unfortunately, this case will illustrate this court's slavish devotion to a nonsubstantive rule.

{¶ 10} S.Ct.Prac.R. II(6) states, "In all appeals filed in the Supreme Court, the appellant shall file, in addition to the other documents required by these rules, a case information statement at the time the notice of appeal is filed. The statement shall identify the issues and applicable law presented for review * * *." Again, OCC should have complied with the rule; it did not. Again, PUCO was not prejudiced, and, again, we should not slavishly apply technical requirements that do not entrench on substantive issues.

{¶ 11} Finally, PUCO did not raise these technical arguments until over four months had passed. This fact alone suggests that PUCO was not prejudiced, as any real prejudice would have been apparent months earlier. It also suggests that PUCO may have delayed asserting these violations until after they could have been corrected. Because of the technical nature of the violations, they could have been easily and quickly corrected had OCC been informed of the violations by either this court or PUCO.

{¶ 12} Cases should be resolved on the merits; that is a fundamental tenet of Ohio case law. I would overlook the technical violations in this case because they did not prejudice the adverse party.

{¶ 13} I concur with the court's decision to grant the motion to intervene. Accordingly, I concur in part and dissent in part.

RESNICK, J., concurs in the foregoing opinion.

———

Janine L. Migden–Ostrander, Ohio Consumers' Counsel, Colleen L. Mooney, Larry S. Sauer, and Joseph P. Serio, Assistant Consumers' Counsel, for appellant.

Jim Petro, Attorney General, Duane Luckey, Senior Deputy Attorney General, Anne L. Hammerstein, and Stephen L. Reilly, Assistant Attorneys General, for appellee.

Stephen B. Seiple and Stanley J. Sagun, for intervening appellee Columbia Gas of Ohio, Inc.

Chester, Willcox & Saxbe, L.L.P., John W. Bentine, and Bobby Singh, for intervening appellees Interstate Gas Supply, Inc. and WPS Energy Services, Inc.

Thompson Hine, L.L.P. and Thomas E. Lodge, urging affirmance for amicus curiae, Ohio Telecom Association.