OPINION.
{¶ 1} In two assignments of error, defendant-appellant Benny Byrd appeals his sentence of a nine-year prison term imposed upon his conviction for one count of aggravated robbery of a police officer, and of a one-year prison term imposed upon his conviction of one count of assault of a peace officer. Byrd contends that because he had not previously served a prison term, the trial court erred by failing to impose the presumptive minimum sentence for each offense — three years for aggravated robbery and six months for assault — mandated by R.C. 2929.14(B). We disagree.
 {¶ 2} Following a jury trial, Byrd was convicted of one count of aggravated robbery of a police officer, in violation of R.C.2911.01(B), and one count of assault of a peace officer, in violation R.C. 2913.13(A). In State v. Byrd, 1st Dist. Nos. C-040005 and C-040017, 2004-Ohio-7127, at ¶ 20, this court affirmed the jury's findings of guilt subject to a modification that Byrd was found guilty, in count one, of aggravated robbery in violation of R.C. 2911.01(B)(1) and not, as the trial court had erroneously indicated on its journal entry, in violation of R.C. 2911.01(A)(1). Because the trial court had failed to require the nine-year sentence for the aggravated robbery of a police officer to be served consecutively to the one-year prison term imposed for the assault conviction, pursuant to R.C.2929.14(E)(3), we vacated the sentences and remanded the case to the trial court for further proceedings.
 {¶ 3} Byrd was returned to the trial court for resentencing. The trial court re-imposed the nine- and one-year sentences and ordered the sentences to be served consecutively as required by law. Two months later, this court released its decision in Statev. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, applying Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and concluding that R.C. 2929.14(B) ordinarily mandated the minimum prison term for one who had not previously served a prison term.
 {¶ 4} In State v. Foster, ___ Ohio St. 3d ___,2006-Ohio-856, ___ N.E.2d ___, at ¶ 53, the Ohio Supreme Court agreed that "[c]ertain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in Blakely." The supreme court also found R.C. 2929.14(B) unconstitutional, but, unlike in State v.Montgomery, it "severed and excised" the tainted provision in its entirety from the felony sentencing scheme. Id. at paragraphs one, two, and seven of the syllabus, and at ¶ 97. As R.C.2929.14(B) has been excised, Byrd cannot demonstrate that his sentences, in excess of the minimum statutory range, are contrary to law. See id.; see, also, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ___ N.E.2d ___, paragraph three of the syllabus.
 {¶ 5} But because the sentence was based on unconstitutional statutes, under the mandate of State v. Foster, we have no recourse but to sustain the first assignment of error, vacate the sentence, and remand the case for resentencing. See id. at ¶ 103 and 104.
 {¶ 6} Byrd next argues that the trial court was without authority to require the sentences to be served consecutively because its judgment still erroneously states that his conviction for aggravated robbery was in violation of R.C. 2911.01(A)(1). He correctly states that a conviction under this statute does not require the imposition of consecutive sentences by operation of law under R.C. 2929.14(E)(3). We note that the imposition of "nondiscretionary consecutive terms" pursuant to statutes like R.C. 2929.14(E)(3) passed constitutional muster in State v.Foster. Id. at ¶ 66 and fn. 87.
 {¶ 7} In our decision in his first appeal, we concluded, "We affirm the judgment of the trial court with respect to its findings of guilt, subject to the modification that Byrd was found guilty, in count one, of aggravated robbery in violation of R.C. 2911.01(B)(1)." (Emphasis added.) As Byrd's sentence must now be vacated in light of State v. Foster, we overrule the second assignment of error.
 {¶ 8} Therefore, we vacate the sentence imposed and remand this case for resentencing with instructions. Pursuant to the law of this case, see State v. Byrd, 2004-Ohio-7127, at ¶ 20, the trial court is to journalize an entry stating, inter alia, that Byrd was found guilty, in count one, of aggravated robbery, in violation of R.C. 2911.01(B)(1). And "[i]f, upon remand, the trial court imposes a prison term for the aggravated-robbery conviction, it must be made consecutive to any other prison term imposed." Id. at ¶ 18.
Vacated as to Sentence and Cause Remanded With Instructions.
Painter and Hendon, JJ., concur.