OPINION
{¶ 1} Defendant-appellant, George G. Rogers, appeals a judgment of the Clermont County Court of Common Pleas sentencing him to 18 months in prison for his conviction on one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.
 {¶ 2} On January 5, 2005, appellant was indicted by the Clermont County Grand Jury on one count of felonious sexual penetration of a person less than 13 years old in violation of R.C. 2907.12(A)(1)(b) ("Count One"); one count of rape of a person less than 13 years old in violation of R.C.2907.02(A)(1)(b) ("Count Two"); two counts of gross sexual imposition of a person less than 13 years old in violation of R.C. 2907.05(A)(4) ("Counts Three and Four"); one count of rape in violation of R.C. 2907.02(A)(2) ("Count Five"); and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) ("Count Six"). Count Six was later amended to charge appellant with one count of gross sexual imposition in violation of R.C.2907.05(A)(1).[1]
 {¶ 3} Appellant was alleged to have committed these offenses against K.L., the daughter of appellant's former girlfriend. K.L. was born on September 25, 1988. The indictment alleged that the offenses occurred sometime between 1988 and 2004.
 {¶ 4} Appellant was tried by jury on the charges on January 10-14, 2005. On January 14, 2005, the jury convicted appellant of one count of gross sexual imposition in violation of R.C.2907.05(A)(1), as charged in Count Six of the indictment, but acquitted him of all remaining counts. The trial court classified appellant as a sexually oriented offender and sentenced him to 18 months in prison, the maximum prison term allowed for the offense. See R.C. 2929.14(A)(1). The trial court imposed the sentence after finding that: (1) "[t]he shortest prison term will demean the seriousness of the offense in this case" and "will not adequately protect the public from future crime by [appellant] or others," see R.C. 292914(B)(2); and (2) appellant committed "the worse form of the offense," see R.C. 2929.14(C).
 {¶ 5} Appellant now appeals his sentence, raising six assignments of error, which we shall address in an order that facilitates our analysis of the issues presented.
 {¶ 6} Assignment of Error No. 3:
 {¶ 7} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM."
 {¶ 8} Assignment of Error No. 4:
 {¶ 9} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD COMMITTED THE `WORST FORM OF THE OFFENSE.'"
 {¶ 10} Appellant's third and fourth assignments of error will be addressed together since they involve a matter of similar concern. Appellant argues that the trial court erred in not sentencing him to the shortest prison term authorized for the offense, pursuant to R.C. 2929.14(B), and in sentencing him to the maximum term authorized for the offense after finding that he had committed one of the worst forms of the offense, pursuant to R.C. 2929.14(C).
 {¶ 11} After this case had been submitted for decision, the Ohio Supreme Court issued its decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. The Foster court held that certain sections of Ohio's sentencing code violate theSixth Amendment of the United States Constitution and the principles contained in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. Foster at paragraphs one, three and five of the syllabus.
 {¶ 12} Among the sections the Foster court found unconstitutional was R.C. 2929.14(B) and (C). Foster, at paragraph one of the syllabus. R.C. 2929.14(B) requires a sentencing court to make certain judicial findings before imposing a sentence greater than the minimum on an offender who has not previously served a prison term, including that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). R.C.2929.14(C) allows a sentencing court to impose the maximum sentence upon an offender if the court makes one of several findings, including that the offender committed one of the "worst forms of the offense."
 {¶ 13} The Foster court noted that under the principles announced in Blakely, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Foster at ¶ 82, quoting United States v. Booker (2005), 543 U.S. 220, 244,125 S.Ct. 738. The Foster court concluded that R.C. 2929.14(B) and (C) are unconstitutional under Apprendi and Blakely because they "require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant[.]" Foster at ¶ 83.
 {¶ 14} The Foster court determined that the sections of Ohio's sentencing code that violate the Sixth Amendment and the principles in Apprendi and Blakely, including R.C. 2929.14(B) and (C), can be "severed" or excised, from the sentencing code.Foster at paragraphs two, four and six of the syllabus. TheFoster court found that after R.C. 2929.14(B) and (C) are severed, "judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant."Foster, paragraph two of the syllabus.
 {¶ 15} The Foster court stated that any case "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Foster at ¶ 104. The Foster court also stated that while a defendant is entitled to a new sentencing hearing, the defendant "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105.
 {¶ 16} Pursuant to Foster, the common pleas court has full discretion to impose a prison sentence within the statutory range, and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster at paragraph seven of the syllabus. Nevertheless, in exercising its discretion, the sentencing court "must carefully consider the statutes that apply to every felony case." State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 39. The portions of the sentencing code to be considered "include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." Id. Additionally, "the sentencing court must be guided by statutes that are specific to the case itself." Id.
 {¶ 17} Based on Foster, we sustain appellant's third and fourth assignments of error to the extent indicated. On remand, the trial court shall resentence appellant on the offense of which he was convicted pursuant to the principles set forth inFoster and Mathis.
 {¶ 18} Assignment of Error No. 1:
 {¶ 19} "THE TRIAL COURT ERRED IN FINDING PRISON TO BE CONSISTENT WITH THE PURPOSES AND PRINCIPLES OF SENTENCING."
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED IN FINDING APPELLANT WAS NOT AMENABLE TO COMMUNITY CONTROL SANCTIONS."
 {¶ 22} Assignment of Error No. 5:
 {¶ 23} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER A FINANCIAL SANCTION OR COMMUNITY CONTROL SERVICE AS THE SOLE SANCTION FOR THE OFFENSE."
 {¶ 24} Assignment of Error No. 6:
 {¶ 25} "THE TRIAL COURT ERRED IN FINDING A LACK OF GENUINE REMORSE."
 {¶ 26} Appellant's first, second, fifth and sixth assignments of error have been rendered moot by our disposition of appellant's third and fourth assignments of error. Accordingly, we need not decide them. See App.R. 12(A)(1)(c).
 {¶ 27} The trial court's judgment is reversed and this matter is remanded for resentencing in accordance with this opinion and the law of this state.
Young and Bressler, JJ., concur.
[1] R.C. 2907.05(A)(1) states, in pertinent part, "[n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he offender purposely compels the other person, or one of the other persons, to submit by force or threat of force."