JOURNAL ENTRY AND OPINION
{¶ 1} Ricardo Spates ("Spates") appeals his conviction after a jury trial in Cuyahoga County Court of Common Pleas. Spates argues that the State of Ohio presented insufficient evidence to support his conviction, that his conviction is against the manifest weight of the evidence, and that the trial court did not make the proper findings before sentencing him to consecutive prison sentences. For the following reasons, we affirm the judgment of conviction but vacate the imposed sentence and remand for resentencing.
 {¶ 2} While on basic patrol on the east side of Cleveland on April 20, 2004, Sergeant Christopher Graham ("Graham") observed Spates exit Interstate 90 at a high rate of speed in a 1994 Pontiac. Spates exited the freeway onto Waterloo Road, traveled over the curb lane, and entered Graham's lane, forcing Graham to slam his brakes to avoid a collision.
 {¶ 3} Graham immediately activated his overhead lights and initiated a traffic stop of the vehicle. During the stop, Graham ran the license plates attached to the vehicle and discovered that the attached plates did not match the 1994 Pontiac. Graham approached and asked Spates for his driver's license and proof of insurance. Spates admitted to Graham that he had been driving with a suspended license.
 {¶ 4} Graham ordered Spates out of the vehicle and patted him down for safety. Graham then asked Spates if he had anything in the car and Spates admitted that he had some "weed." Graham placed Spates in the rear of his zone car and called for another vehicle to assist in Spates' transport to jail. Graham then initiated an inventory search of Spates' vehicle. During the search, Graham found a bag of marijuana under the front seat along with a small bag of what appeared to be crack cocaine.
 {¶ 5} A short time later, Officer Richard Greco ("Greco") arrived at East 152nd and Waterloo Road. Greco placed Spates into the rear of his zone car and transported him to Cleveland Police Headquarters. While booking Spates, Greco asked him if he had any contraband on his person and Spates admitted that he had ecstacy pills in his sock. Spates then removed his shoe and sock and handed Greco four pills of ecstacy.
 {¶ 6} Greco and Graham handed over the recovered drugs to Cynthia Lewis ("Lewis") of the Cleveland Scientific Investigative Unit. Lewis chemically analyzed all substances and determined that the white substance tested positive for .55 grams of crack cocaine. Lewis also tested the four pills and determined that two of the pills tested positive for .61 grams of methylenediozyamphetamine ("MDMA"). The two remaining pills tested positive for .74 grams of methamphetamine and methylenediozyamphetamine ("MDA"). Lewis testified that while both MDMA and MDA are classified as hallucinogenics, MDA contains an additional component that is a stimulant.
 {¶ 7} The Cuyahoga County grand jury returned a seven-count indictment against Spates charging him with three counts of drug possession, three counts of drug trafficking, and one count of possession of criminal tools. After hearing the evidence, the jury returned a verdict of guilty on all three counts of drug possession and possession of criminal tools. The jury found Spates not guilty of drug trafficking. The trial court sentenced Spates to an eleven-month prison term for each count and ordered the three counts of drug possession to run consecutive to each other but concurrent to the possession of criminal tools charge. Spates appeals, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 8} In his first assignment of error, Spates argues that the state failed to present sufficient evidence to support his conviction. In his second assignment of error, Spates argues that his conviction is against the manifest weight of the evidence. Although these arguments involve different standards of review, we will consider them together because we find the evidence in the record applies equally to both.
 {¶ 9} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261 as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order anentry of judgment of acquittal if the evidence is such thatreasonable minds can reach different conclusions as to whethereach material element of a crime has been proved beyond areasonable doubt."
 {¶ 10} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence submitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt." (Citation omitted.)
 {¶ 11} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of thegreater amount of credible evidence offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.'" Id. at 387.
 " * * * `The court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury clearly lost its way and created such amanifest miscarriage of justice that the conviction must bereversed and a new trial ordered. The discretionary power togrant a new trial should be exercised only in the exceptionalcase in which the evidence weighs heavily against theconviction.'" Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 12} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479,483, 2000-Ohio-465. (Citation omitted.)
 {¶ 13} The jury convicted Spates of three counts of drug possession pursuant to R.C. 2925.11, which provides in pertinent part:
"No one shall knowingly obtain, possess, or use a controlledsubstance."
 {¶ 14} The jury also convicted Spates of possession of criminal tools pursuant to R.C. 2923.24, which provides in pertinent part:
"No person shall possess or have under the person's controlany substance, device, instrument, or article, with purpose touse it criminally."
 {¶ 15} In support of its case, the State of Ohio presented the following evidence: Sergeant Graham initiated a traffic stop of Spates; Spates admitted that he had been driving without a license; Graham placed Spates under arrest; Spates admitted that he had "weed" in the car; Graham found both marijuana and crack cocaine under the driver's seat of the vehicle; Spates admitted to Officer Greco that he possessed four pills of ecstacy in his sock; Cynthia Lewis testified that the contraband tested positive for .55 grams of crack cocaine, .61 grams of MDMA, and .74 grams of MDA; and, at the time of the traffic stop, Spates had marijuana, crack cocaine, and ecstacy inside the 1994 Pontiac he had been driving.
 {¶ 16} In response, Spates argues that the State failed to present evidence that he knew about the crack cocaine under the seat, that he knew two pills contained MDA while the other two contained MDMA, and that he had used the car for drug trafficking purposes. Spates' arguments are without merit.
 {¶ 17} The State of Ohio presented evidence that would allow a rational factfinder to conclude beyond a reasonable doubt that Spates possessed crack cocaine. Sergeant Graham testified that the marijuana and the crack cocaine were right next to each other under the front seat of the vehicle. It would not be unreasonable for the jury to conclude that if Spates was aware of the marijuana, which he readily admitted, then he would also be aware of the crack cocaine.
 {¶ 18} Moreover, Spates does not contest that he possessed the four pills of ecstacy. It is irrelevant whether Spates knew two of the pills contained MDMA while the other two contained MDA. The State of Ohio met the elements of possession of drugs, to wit: MDA and MDMA, when they presented evidence that at the time of his arrest, Spates possessed four pills of ecstacy, a known contraband.
 {¶ 19} Finally, based on the evidence presented by the State of Ohio, a reasonable factfinder could conclude beyond a reasonable doubt that Spates used the 1994 Pontiac with the purpose of committing the offense of drug trafficking. At the time of his arrest, Spates possessed four types of drugs and was traveling at a high rate of speed in a 1994 Pontiac.
 {¶ 20} Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found all the elements of possession of drugs and possession of criminal tools. Therefore, the State of Ohio presented sufficient evidence to support his conviction.
 {¶ 21} Furthermore, we also find that the trier of fact did not lose its way in convicting Spates of possession of drugs and possession of criminal tools. In support of his argument that his conviction is against the manifest weight of the evidence, Spates reiterates the same arguments he made in his first assignment of error. Based on these arguments and the evidence described above, there is nothing to suggest that the jury lost its way and created a manifest miscarriage of justice.
 {¶ 22} Accordingly, Spates' first and second assignments of error are overruled.
 {¶ 23} In his third and final assignment of error, Spates argues that the trial court did not make the proper findings before sentencing him to consecutive sentences. We agree based on the Ohio Supreme Court's recent decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856.
 {¶ 24} In Foster, the Supreme Court held that several provisions of S.B. 2, including R.C. 2929.14(E), which governs the imposition of consecutive sentences, violate Blakely.
Specifically, as it pertains to R.C. 2929.14(E), the court held: "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in Blakely." Id. at ¶ 67. The court severed R.C. 2929.14(E) from the sentencing statutes based on its finding that Blakely rendered it unconstitutional.
 {¶ 25} As a result, the trial court is no longer obligated to give reasons or findings prior to imposing a consecutive sentence. The Court held that:
"[Cases] pending on direct review must be remanded to trialcourts for new sentencing hearings not inconsistent with thisopinion. * * *
 Under R.C. 2929.19 as it stands without (B)(2), the defendantsare entitled to a new sentencing hearing although the parties maystipulate to the sentencing court acting on the record before it.Courts shall consider those portions of the sentencing code thatare unaffected by today's decision and impose any sentence withinthe appropriate felony range. If an offender is sentenced tomultiple prison terms, the court is not barred from requiringthose terms to be served consecutively. While the defendants mayargue for reductions in their sentences, nothing prevents thestate from seeking greater penalties. United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426, 66L.Ed.2d 328." Id. at paragraphs 104-105.
 {¶ 26} Thus, in accordance with Foster, we reverse and remand Spates' sentence for a new hearing. In doing so, we note the Ohio Supreme Court's clarification in State v. Mathis
___ Ohio St.3d ___, 2006-Ohio-855:
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purpose of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 27} According, Spates' third assignment of error is sustained.
Judgment of conviction affirmed, sentence vacated. This matter is remanded for resentencing.
It is ordered that the appellant recover from appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Calabrese, Jr., J. concur.
 Appendix Assignments of Error:
 "I. The trial court erred in denying appellant's motion foracquittal as to the charge when the State failed to presentsufficient evidence against Appellant.
 II. Appellant's conviction is against the manifest weight ofthe evidence.
 III. The trial court erred by ordering Appellant to serve aconsecutive sentence without making the appropriate findingsrequired by R.C. 2929.14(E)(4)."