DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which sentenced defendant-appellant, George R. Hamblin, to 11 months in prison after Hamblin pled guilty to one count of theft, a fourth degree felony. Hamblin now challenges his sentence through the following assignment of error:
 {¶ 2} "The trial court's judgment and entry of sentence of the appellant constituted an abuse of discretion and reversible error as the same was inconsistent with the sentencing factors as set forth under Section 2929.12 O.R.C.; the trial court having made improper findings to overcome the presumption of community control."
 {¶ 3} Appellant asserts that a fourth degree felony offense carries with it a presumption that the offender's sentence will be some form of community control and that the trial court erred in imposing a prison sentence on him rather than community control where that decision was based on erroneous findings. The decision to impose or not to impose community control as an offender's sentence is governed by R.C. 2929.13(B). A review of the record below reveals that the lower court found that appellant was not amenable to community control and that recidivism was more likely. The court, however, further found pursuant to R.C. 2929.14(B) that in sentencing appellant, it was necessary to exceed the minimum sentence for a first time felony offense, and that "the shortest prison term possible will demean the seriousness of the offender's conduct and will not adequately protect the public and therefore * * * it's necessary to impose a greater term."
 {¶ 4} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Supreme Court of Ohio held that R.C.2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Because the trial court relied on an unconstitutional statute when sentencing appellant, we find that the sentence is void and must be vacated. Foster at ¶ 103-104. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 5} On consideration whereof, this court finds that the Lucas County Court of Common Pleas erred in sentencing appellant. The trial court's judgment of sentence is hereby reversed, the sentence is vacated, and the case is remanded to the trial court for resentencing in accordance with Foster. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.