{¶ 13} Blakely v. Washington (2004), 542 U.S. 296 was decided on June 24, 2004. Appellant's notice of appeal was filed on November 18, 2004. Accordingly, at the time his appeal was filed, appellant was on notice that Blakely might significantly impact Ohio's felony sentencing scheme. Notwithstanding this notice, appellant failed to assign as error any issue pertaining to Blakely. We have previously stated: "While we may make determinations as to issues not raised by the parties, we abuse our discretion by deciding constitutional issues not raised or briefed by the parties." State v. Head, 11th Dist. No. 2001-L-228, 2005-Ohio-3407, at ¶ 92, citing State v. 1981 DodgeRam Van (1988), 36 Ohio St.3d 168, 170.
 {¶ 14} However, in State v. Foster, ___ Ohio St.3d ___,2005-Ohio-856, the Supreme Court of Ohio held the statutory scheme under which appellant was sentenced unconstitutional. In doing so, the court stated that any case "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104. Accordingly, even though Blakely was not expressly raised on appeal, I concur that appellant's sentence must be vacated and remanded to the trial court for a new sentencing hearing. See,State v. Byrd, 1st Dist. No. C-050111, 2006-Ohio-1219; Statev. Mitchell, 2d Dist. No. 21020, 2006-Ohio-1602; State v. Hon,
5th Dist. No. 05-CAA-04-023, 2006-Ohio-1668; State v. Hamblin,
6th Dist. No. L-05-1214, 2006-Ohio-1628; State v. Spates, 8th Dist. No. 86486, 2006-Ohio-1564; State v. Rogers, 12th Dist. No. CA2005-04-025, 2006-Ohio-1273.